## WESTERN CASUALTY & SURETY COMPANY
## v. JOSEPH GELLING AND OTHERS.

88 N. W. (2d) 247.

February 21, 1958—No. 37,236.

· *C. H. Kleffman, H. A. Frankson, Jack Fena,* and *Fena & Nasi,* for appellants.

*Hultstrand, Abate & Wivoda,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment entered pursuant to a motion by the plaintiff for summary judgment.

The plaintiff, Western Casualty and Surety Company, commenced this action against defendants, Joseph Gelling, its alleged insured, Clusiau Motor Company, George Kubina, Carl Backman, and Mary Farrell. The action was one for declaratory judgment by the insurance company seeking a determination that a particular policy alleged to have been purchased on November 16, 1955, by Gelling, had been canceled, effective February 18, 1956. It also sought to have the defendants enjoined from instituting or further prosecuting any action

or actions arising from an accident hereinafter described until the court had determined whether or not said policy was in force on the date thereof.

It appears from the record that an automobile insurance policy was issued to defendant Joseph Gelling on November 16, 1955, and that on May 23, 1956, while he was driving his automobile, he was involved in an accident with a truck owned by defendant Clusiau Motor Company. This truck, in which defendant Carl Backman was a passenger, was being driven at the time by defendant George Kubina. It further appears that another automobile, owned and operated by defendant Mary Farrell, was involved.

Actions were commenced by the Clusiau Motor Company and Farrell against Gelling, but following the commencement of these actions, the present suit for declaratory judgment was instituted by the insurance company. A hearing was held on a motion by the insurance company for a temporary injunction. Pursuant to that motion an injunction which reads as follows was issued by the trial court:

"* * * therefore, in consideration of the premises and pursuant to order of the above named Court, you and each of you, and each and every person acting under you, and each of you, are strictly commanded to absolutely refrain and desist, until final judgment in the above entitled action, or until further order of the Court, from instituting or further prosecuting any action or actions arising from that certain automobile accident which occurred on the 23rd day of May, 1956, in the Village of Hibbing, Minnesota, involving an automobile owned and then driven by the defendant Joseph Gelling and a motor truck of the defendant Clusiau Motor Company then driven by the defendant George Kubina, in which the defendant Carl Backman was riding, and this injunction you will observe under penalty of the law."

Following the granting of that injunction, a motion for summary judgment in the declaratory judgment action was made by the insurance company and affidavits were presented by the parties to the court. It appears from the affidavits presented by the insurance company that one of its agents had mailed the notice of cancellation to the insured at his address given on the policy on February 6, 1956,

purporting to inform the insured that the policy would be canceled on February 18, 1956. On the other hand the defendant Gelling in his affidavit stated that he had not received notice of cancellation. The trial court granted the plaintiff's motion for summary judgment.

Rule 56.03 of Rules of Civil Procedure provides that a motion for summary judgment is not to be granted unless it appears that there is no genuine issue of material fact. Thus the only issue presented here is whether a genuine issue of material fact has been presented concerning receipt of notice of cancellation. The determination of this issue is controlled by our decision in Donarski v. Lardy, 251 Minn. 358, 88 N. W. (2d) 7. In that case we decided that in situations such as the one at bar a fact issue is presented as to whether notice of cancellation had actually been received by the insured. In view of our decision in that case judgment in the instant case must be reversed and the case remanded for further proceedings in accordance with our opinion in that case.

While the question of the propriety of the trial court's injunction set forth above is not before us in this appeal, we feel constrained to comment upon it. It is our opinion that such an injunction should only be granted under circumstances which are more urgent than those presented in the case at bar, and even then the injunction should not be so sweeping in its terms. As may be noted, the injunction involved here is unlimited in its scope or time and, if read literally, might enjoin the defendants for a period longer than the statute of limitations and might even have barred the defendants from successfully defending themselves in the present action.

Reversed.