GRACE PESINA, A MINOR, BY WALTER PESINA, HER FATHER AND NATURAL GUARDIAN, AND OTHERS v. RICHARD JUAREZ AND ANOTHER. ARROW INSURANCE COMPANY, THIRD-PARTY DEFENDANT.

181 N. W. (2d) 109.

November 6, 1970—No. 42059.

380

*Stephen C. Lapadat* and *Dudley, Smith, Copeland & Belisle*, for appellant.

*Michael F. Fetsch,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rosengren, JJ.

NELSON, JUSTICE.

This is a third-party action for a declaratory judgment brought by a defendant in a personal injury case, Lois Mudick, for a determination that coverage for the accident which gave rise to the case exists under an automobile liability insurance policy issued to her by third-party defendant Arrow Insurance Company.

Following trial of the third-party action by the court, the trial court ruled that the policy was in full force and effect on February 3, 1967, the date of the accident, and that Arrow has the obligation to defend Miss Mudick, the third-party plaintiff, and to indemnify her in accordance with the terms of said policy against all claims arising out of the accident. Judgment was duly entered June 6, 1969, and Arrow appeals from the judgment.

The facts appear to be as follows: In July 1966 Miss Mudick made application to Arrow through Bretz Insurance Agency for liability coverage on her 1961 Ford automobile. She dealt directly with agent David Bretz, submitting an application showing her residence as 140 North Dale Street, St. Paul, Minnesota. This application was accepted by Arrow and policy No. 76928 was issued to Miss Mudick to provide insurance for a 6-month period beginning July 23, 1966, and ending January 23, 1967.

At the time the application for insurance was prepared, Bretz

collected the full premium in cash, remitting the net amount to Arrow. The policy was processed and mailed August 16, 1966, to Miss Mudick's residence at 140 North Dale Street, St. Paul. The contract of insurance contains no provision requiring that notice of expiration or renewal premiums be given to the insured. Miss Mudick testified that at the time the application had been prepared, Bretz verbally advised her that prior to expiration of the policy she would be notified directly by Arrow of the policy's expiration and of the amount of the renewal premium. Her recollection was that Bretz stated that the notice would be given by registered mail. Bretz admitted that he told all prospective policyholders they would be "directly notified by the company on renewal dates," but denied making any statement that such notice would be sent by registered mail.

About January 15 or 18, 1967, Miss Mudick moved from 140 North Dale Street, but made arrangements to pick up her mail daily at 136 North Dale Street. She did not, however, notify Arrow of her change of address, although she was aware of the fact that her policy of insurance was close to expiration.

The claims manager of Arrow testified that on December 29, 1966, the company mailed a renewal notice to Miss Mudick at her policy address, which was 140 North Dale Street, St. Paul. She testified that she never received this notice. In March 1967 a registered letter was sent to her, addressed at 140 North Dale Street. This was signed for by Miss Mudick's former roommate, but was never received by Miss Mudick.

On February 3, 1967, while driving her automobile, Miss Mudick was involved in an accident with an automobile driven by Richard Juarez. Grace and May Pesina were passengers in Miss Mudick's automobile at the time. As a result of this accident, the drivers were named as defendants in a personal injury suit by Grace, a minor, and her parents, Walter and May Pesina, to recover damages totaling $17,000.

Miss Mudick reported the accident to Arrow on the day it occurred. Shortly thereafter Arrow sent her a letter dated Feb-

ruary 7, 1967, denying that Arrow was providing automobile liability insurance coverage to her. Upon receiving the summons and complaint in the personal injury action, Miss Mudick commenced this third-party action against Arrow and Bretz, doing business as Bretz Insurance Agency, for a declaratory judgment determining that the Arrow policy furnished coverage at the time of the accident. In its answer, Arrow denied any obligations on its part to provide coverage or to defend Miss Mudick in the personal injury action.

Following trial of the third-party action, the trial court held that Bretz' admitted assurance to Miss Mudick that the renewal notice would be sent to her prior to policy expiration was binding on Arrow and that Arrow therefore must provide coverage to her because she had not actually received notice of the expiration of the policy.

The trial court found that Arrow had mailed a renewal notice to Miss Mudick at 140 North Dale Street, St. Paul, the address which she had furnished to Arrow, but that she never received that notice. Bretz was dismissed from the lawsuit on the finding that his statement to Miss Mudick that she would be notified by mail directly by Arrow prior to the expiration of the policy was within the course and scope of his agency for Arrow.

In support of its decision, the trial court incorporated in its order a memorandum which cites Seavey v. Erickson, 244 Minn. 232, 69 N. W. (2d) 889; Donarski v. Lardy, 251 Minn. 358, 88 N. W. (2d) 7; and Western Cas. & Surety Co. v. Gelling, 251 Minn. 455, 88 N. W. (2d) 247, as holding actual receipt of the expiration notice by Miss Mudick to be a condition precedent to coverage termination.

The scope of our review on appeal from the judgment is to determine whether the evidence reasonably sustains the findings of the trial court as they are found in the findings of fact, conclusions of law, and order for judgment, and in the memorandum made a part of the order. The issue presented, as framed by respondent, is:

"Do the representations to the insured that notification of the amount of premium necessary to renew a policy [of] automobile liability insurance will be given to the insured, made by one who has been permitted by the insurance company to hold himself out and act as its agent, effectively bind the insurer according to the tenor of the representation?"

The trial court answered in the affirmative.

Defendant Arrow contends that it has fully conformed to the representations of its agent, Bretz, as they are disclosed by the evidence herein and that therefore defendant was not estopped to terminate Miss Mudick's policy. The basic factual premise upon which Arrow predicates its entire appeal is that Bretz orally represented to Miss Mudick that Arrow would send her a notice of renewal so that she would have an opportunity to renew the policy. The trial court, however, found that Bretz orally represented to and assured her that she would receive a renewal notice. This finding, which appears in the memorandum which the court made a part of its findings, furnishes a controlling reason for the court's decision and is not inconsistent with the facts specifically included in the trial court's findings of fact. See, Baker v. Polydisky, 144 Minn. 72, 174 N. W. 526; Haugland v. Canton, 250 Minn. 245, 84 N. W. (2d) 274; Thomas Peebles & Co. v. Sherman, 148 Minn. 282, 181 N. W. 715.

Miss Mudick argues that to accept Arrow's basic factual premise, namely, that Bretz told her that she would be mailed a renewal notice, and to reject the trial court's specific factual finding that Bretz told her that she would receive the renewal notice, this court would have to ignore certain well-settled rules—that the evidence is considered in the light most favorable to the findings; that the findings of the trial court are entitled to the same weight as the verdict of a jury; that the appeal from a judgment presents only the question as to whether or not the findings of fact sustain the conclusions of law; and that the supreme court interferes with the findings of the trial court only

where the evidence, taken as a whole, furnishes no substantial support for or is manifestly or palpably contrary to the findings. See, Bolduc v. New York Fire Ins. Co. 244 Minn. 192, 69 N. W. (2d) 660; In re Estate of Lyon, 175 Minn. 619, 221 N. W. 648; Bjerketvedt v. Jacobson, 232 Minn. 152, 44 N. W. (2d) 775; 1B Dunnell, Dig. (3 ed.) §§ 338, 411. We are satisfied that the record reveals sufficient evidentiary basis for the finding that Bretz assured Miss Mudick that she would receive the renewal notice.

The trial court also found that in making the assurance Bretz was acting in the course and scope of his agency. Arrow does not deny Bretz' authority to act as its agent and to bind Arrow according to the tenor of Bretz' representations. The trial court's determination that Bretz was the agent of Arrow and had apparent authority to make the assurance is supported by the case law of this state. See, Morrison v. Swenson, 274 Minn. 127, 135, 142 N. W. (2d) 640, 645, wherein this court discussed the general principles of agency as applied to the parol agreements an insurance company's agents may make with its insureds:

"Once it is established that one who purports to represent an insurance company is its agent, a parol contract will bind the company if it is within the actual, implied, or apparent authority of the agent. An insurance agent's powers are prima facie coextensive with the business entrusted to his care and will not be narrowed by limitations not communicated to those with whom he deals. Koivisto v. Bankers & Merchants Fire Ins. Co. 148 Minn. 255, 259, 181 N. W. 580, 582, where we said, with respect to an oral agreement fixing the effective date of a policy:

" '* * * The contract Mattson made with plaintiff was directly connected with and essential to the transaction of the business in hand. It served substantially the same purpose as a binding slip.' "

We think that it was clearly within the apparent authority of Arrow's agent, Bretz, to assure Miss Mudick that she would receive the premium renewal notice. See, Rommel v. New Bruns-

wick Fire Ins. Co. 214 Minn. 251, 8 N. W. (2d) 28; Kausal v. Minnesota Farmers' Mutual Fire Ins. Assn. 31 Minn. 17, 16 N. W. 430; Johnson v. Ostenso, 250 Minn. 213, 84 N. W. (2d) 269; Koivisto v. Bankers & Merchants Fire Ins. Co. 148 Minn. 255, 181 N. W. 580; Morrison v. Swenson, *supra;* 16 Appleman, Insurance Law and Practice, § 8674. The Morrison case clearly indicates that express authority from the principal is not necessary as a condition precedent to bind the principal and is consistent with this court's position as stated in Nehring v. Bast, 258 Minn. 193, 103 N. W. (2d) 368. See, Restatement, Agency (2d) § 27.

Equitable estoppel is based on the principle that "wherever one of two innocent persons must suffer by the acts of a third, he who by his conduct, act, or omission has enabled such third person to occasion the loss must sustain it." 31 C. J. S., Estoppel, § 103. See, also, 6B Dunnell, Dig. (3 ed.) § 3185. The application of the doctrine has been fully approved as sound public policy in Morrison v. Swenson, *supra;* Kausal v. Minnesota Farmers' Mutual Fire Ins. Assn. *supra;* and Seavey v. Erickson, *supra.*

We think the ingredients of estoppel are present in the instant case: Arrow induced Miss Mudick to believe Bretz was its agent; she innocently acted on this belief in relying upon the representations of Bretz; and she would be materially prejudiced if the estoppel were not allowed. Bretz told Miss Mudick she would receive the renewal notice, and her actions evidenced that she believed Bretz since she borrowed money to pay the renewal premium and was prepared to effect renewal upon receipt of the notice.

Several decisions are cited by Arrow in support of its argument that it discharged its duty to Miss Mudick by mailing the renewal notice, in spite of the fact that Bretz bound Arrow to see that she actually received it. However, the trial court in its findings of fact and conclusions of law did not create an additional liability for Arrow. It merely enforced Bretz' parol agreement with Miss Mudick that she would receive the renewal

notice. Clearly, Bretz as Arrow's agent could bind Arrow to the performance of that agreement. See, Julien v. Spring Lake Park Agency, Inc. 283 Minn. 101, 166 N. W. (2d) 355; Morrison v. Swenson, *supra;* Nehring v. Bast, *supra;* Rommel v. New Brunswick Fire Ins. Co. *supra;* Koivisto v. Bankers & Merchants Fire Ins. Co. *supra.*

It is our view that the trial court's decision in the instant case is correct. The judgment is accordingly affirmed.

Affirmed.