WALTER M. GASPORD AND ANOTHER v.
WASHINGTON COUNTY PLANNING COMMISSION.

252 N. W. 2d 590.

March 25, 1977—No. 46969.

*Robert W. Kelly,* County Attorney, and *Jack W. Clinton,* Assistant County Attorney, for appellant.

*George R. Roedler, Jr.,* for respondents.

PER CURIAM.

Walter M. Gaspord and Josephine M. Gaspord brought this action to compel the Washington County Planning Commission to issue them a septic tank sewage system permit.[1] The Washington County District Court granted their motion for summary judgment but later modified the judgment to allow the commission to issue a permit which would order plaintiffs to install a drain field and fill over it if necessary. The commission claims the court erred in granting the motion for summary judgment. We agree.

Summary judgment is properly rendered only where there is no genuine issue of material fact in dispute and where a determination of the applicable law will resolve the controversy. Rule 52.02, Rules of Civil Procedure. Review of the record in this case discloses that there are issues of material fact making summary judgment improper.

Some facts are undisputed. In 1974 plaintiffs purchased their lots, which are zoned residential and lie in an area for which a plat approved by the commission was recorded in November 1972. No city sewer is available in the area, and the commission knew when it approved the plat that homes built there would require septic tanks. Prior to ap-

---

[1] Other claims asserted in plaintiffs' complaint are not in issue.

proval of the plat, percolation rates on plaintiffs' property were determined to be satisfactory. Tests conducted after plaintiffs' purchase also showed adequate percolation rates on the lots and disclosed that the water table in the areas where the tests were conducted was 40 inches below the surface. The size of the lots is conceded to meet permit requirements. On these facts, the court found the commission's refusal to issue a permit was arbitrary and granted plaintiffs summary judgment.

The commission moved to vacate the judgment, contending its refusal to issue the permit was justified because plaintiffs had not shown that the water table level on their land met the requirements of Washington County Development Code, § 405.05, which provides in part:

"Additional criteria for judging soil suitability.

(1) In areas of shallow ground water, the depth of the water table shall be determined. No soil absorption system shall be installed in an area where the water table is at any time less than six and one half (6 1/2) feet below ground level or four (4) feet below the bottom of the drain field trench.

(2) A modification of the percolation test may be used when the percolation test procedure has been previously used and knowledge is available on the character and uniformity of the soil."[2]

The commission asserted that seepage from a septic tank must drain through 4 feet of soil for adequate purification and that plaintiffs had not shown that the water table level on their property would permit this. Interrogatories filed prior to the motion to vacate the judgment disclosed that the commission had granted seven permits in the platted area but none for a lot with a water table level of 40 inches. Several permits had required installation of drain fields and fill over them if necessary. One system for which a permit had been granted failed because of a flexible water table.

In response to the commission's motion, the court ordered the judgment amended, apparently concluding that the commission could require installation of a drain field which would purify the seepage from a septic tank as effectively as a system which complied with the requirements of § 405.05 of the development code. There is, however, no evidentiary basis in the record for this conclusion nor for the implicit conclusion that the commission's denial of the permit bore no

[2] The Minnesota Individual Sewage Disposal System Code contains an identical provision.

substantial relationship to the public health. See, County of Freeborn v. Claussen, 295 Minn. 96, 100, 203 N. W. 2d 323, 326 (1972).

We conclude that on this record the judgment must be reversed and the matter remanded for trial, at which plaintiffs will have the opportunity to establish that they are entitled to a permit either by establishing that the water table level in some area of their property meets the requirements of § 405.05 or that a satisfactory sewage system can be installed by any method such as use of fill over the drain field area.

Reversed.