**NORTHERN PETROCHEMICAL COMPANY, Respondent,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Defendant and Third Party Plaintiff, Appellant,**

**and**

**Traff & Associates, Third Party Defendant.**

**No. 48715.**

Supreme Court of Minnesota.

March 30, 1979.

Michael J. Healey, St. Paul, for appellant.

Blethen, Gage, Krause, Blethen, Corcoran, Berkland & Peterson, Kelton Gage and Stephen P. Rolfsrud, Mankato, for respondent.

Heard before KELLY, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

United States Fire Insurance Company (United States Fire) appeals from a judgment of the Blue Earth County District Court assessing damages caused by water to the building of its insured, Northern Petrochemical Company (Northern Petro). The jury found that United States Fire was estopped from asserting the statute limitations as a defense to the suit and that Northern Petro was not guilty of laches in asserting its claim. We affirm.

In 1967, plaintiff Northern Petro began construction of a manufacturing plant, warehouse, and office. In April 1968, Northern Petro realized that the walls of the new building were moving, causing substantial cracking in the plant floor, and that water was accumulating under the plant floor. Plaintiff repaired the damage and sued all parties involved in the construction except the general contractor's insurance company. The trial court entered an order for judgment on May 17, 1971, dismissing the claim for water damage against the City of Mankato, and ordered plaintiff's verdict reduced by $59,061.85, the amount of this damage.

On appeal we affirmed in part and remanded for a new trial on the issue of apportionment of damages. *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.*, 297 Minn. 118, 211 N.W.2d 159 (1973). In that opinion we indicated that Northern Petro should proceed against the insurance company on the water damage claim. We denied the petition for rehearing on October 12, 1973. The parties settled the issue

of apportionment of damages on July 18, 1974. On July 26, 1974, plaintiff's attorney contacted defendant United States Fire about the water damage claim and expressed concern about the statute of limitations. Defendant responded on August 14, 1974, requesting time to locate the file.

Plaintiff heard nothing further from defendant and brought this suit on October 10, 1974. Defendant contended that the statute of limitations, which had run in April 1974, barred the suit. The jury, by special verdict, found that (1) water was a direct cause of the damage to plaintiff's building; (2) latent defects, faulty materials, improper workmanship, or improper installation were also direct causes of the damage to plaintiff's building; (3) defendant waived the policy provision requiring commencement of suit within one year; (4) defendant was estopped from asserting the one-year provision; (5) defendant was estopped from asserting the statute of limitations; (6) defendant had not waived the statute of limitations; and (7) plaintiff was not guilty of laches in asserting its claim against defendant. On appeal defendant challenges only the jury's finding that United States Fire is estopped from asserting the statute of limitations as a defense and that Northern Petro is not guilty of laches.

1. We consider first whether defendant is estopped from asserting the statute of limitations as a defense to plaintiff's suit. Estoppel is an equitable doctrine addressed to the discretion of the court and is intended to prevent a party from taking unconscionable advantage of his own wrong by asserting his strict legal rights. To establish a claim of estoppel, plaintiff must prove that defendant made representations or inducements, upon which plaintiff reasonably relied, and that plaintiff will be harmed if the claim of estoppel is not allowed. See, *Lundberg v. Northwestern National Bank*, 299 Minn. 46, 216 N.W.2d 121 (1974); *Pesina v. Juarez*, 288 Minn. 379, 385, 181 N.W.2d 109, 113 (1970); *Poksyla v. Sundholm*, 259 Minn. 125, 106 N.W.2d 202 (1960).

Estoppel depends on the facts of each case and is ordinarily a fact question for the jury to decide. See, *O'Donnell v. Continental Casualty Co.*, 263 Minn. 326, 331, 116 N.W.2d 680, 684 (1962). In reviewing a jury verdict the evidence and the inferences to be drawn from it must be viewed in the light most favorable to the jury's verdict. The jury's verdict will not be disturbed on appeal unless it is manifestly and palpably contrary to the evidence. See, *Norberg v. Northwestern Hospital Ass'n Inc.*, 270 N.W.2d 271, 274 (Minn.1978).

The evidence in the instant case clearly supports the jury's finding of estoppel. Defendant was aware of the water damage and investigated the claim within a month of the reported loss. It never told plaintiff, or the general contractor, that anything more was necessary to file a claim. Mr. Carr, plaintiff's liaison with the architect and general contractor, testified that he assumed the claim would be paid and that the attorneys would file the claim. He testified that plaintiff received a copy of a letter from the architect to the general contractor dated July 3, 1968, which stated that the architect believed the water damage was covered by the insurance policy and that defendant should be notified. Mr. Carr took no action to do so because he believed the attorneys would make the claim. Plaintiff also received a letter from the general contractor to the architect dated September 5, 1968, which stated that defendant agreed that it was liable for any damages caused by water.[1]

Mr. Watson, president of Watson Construction Company, the general contractor, testified that he could not remember specific conversations but that he had numerous contacts with defendant during 1968 concerning the damage to the building. Although he could not recall to whom he had spoken, he stated that he would not have written the September 5th letter without assurances from someone. He understood

1. Although the letter itself was not admitted into evidence, there was ample evidence con-

cerning the letter and its contents admitted into evidence to justify the jury's reliance on it.

that the claim could be held off until it was determined whether or not it was necessary to process it. This decision could not be made until the termination of the initial litigation. Defendant admitted contacting the general contractor concerning coverage on several occasions after the damage was discovered.

 Given the above testimony, the jury could have inferred that defendant conveyed to plaintiff through the general contractor the assurance that the claim need not be processed until the initial litigation determined the cause of the damage. This is a sufficient representation, based on the words and the conduct of defendant, for estoppel.

The next question is whether plaintiff reasonably relied on this representation. Reasonable reliance is essentially a fact question for the jury. See, *O'Donnell v. Continental Casualty Co., supra.* Defendant contends there is no reliance because plaintiff made a tactical decision during the first trial not to pursue the claim against the insurance company. Although this claim is supported by a statement of plaintiff's counsel during the initial trial, which was read to the jury in the instant case, there was other evidence and testimony to support the jury's conclusion that plaintiff relied on defendant's assurances.

 There is no dispute that plaintiff will suffer $59,061.85 damages unless defendant is estopped from asserting the statute of limitations. There is thus sufficient evidence to sustain on all three elements the jury's finding of estoppel.

 2. Defendant argues, nevertheless, that even if it was estopped from asserting the statute of limitations, North-

ern Petro is guilty of laches in bringing its claim. Estoppel does not continue indefinitely if the circumstances relied on to justify estoppel cease to be operational. At that time plaintiff must proceed with due diligence to assert its claim against defendant. See, *Central Heat, Inc. v. Daily Olympian, Inc.,* 74 Wash.2d 126, 443 P.2d 544 (1968).

 In the present case plaintiff reasonably believed that defendant would pay the water damage claim once the initial litigation was completed. That litigation did not finally terminate until July 18, 1974. Plaintiff immediately contacted defendant about the claim and brought suit as soon as it became apparent that defendant was not going to respond to the claim. We find that plaintiff did proceed with due diligence once the facts justifying the estoppel ceased to be operational.[2]

Affirmed.

---

2. Plaintiff's claim that the statute of limitations is tolled while the circumstances creating the estoppel are operational is without merit. The language of *O'Donnell v. Continental Casualty Co.,* 263 Minn. 326, 116 N.W.2d 680 (1962), upon which plaintiff relies, is a direct quote from *Stewart v. National Council of K. and L. of S.,* 125 Minn. 512, 147 N.W. 651 (1914). In that case we construed two clauses in an insurance contract. One clause prevented the beneficiary from suing until proof of loss had been

furnished and passed upon by the insurance company; the other required the beneficiary to bring suit within one year from the death of the insured. Because the first clause could greatly reduce the time in which a beneficiary could sue, the court held that the one-year contract limitation period did not begin to run until the company had made a decision as to whether or not to pay. That decision did not involve a statute of limitations and, thus, is distinguishable from the present case.