Diane BRENNER, Appellant,

v.

Dawn Fayette NORDBY, Respondent,

Don Fields, etc., Respondent.

No. 51487.

Supreme Court of Minnesota.

June 5, 1981.

Blethen, Gage, Krause, Blethen, Corcoran, Berkland & Peterson and Stephen P. Rolfsrud, Mankato, for appellant.

Dailey & Kennedy and James J. Dailey, Mankato, for Nordby.

Foster, Waldeck, Lind & Humphrey, and Peter Lind, Minneapolis, for Fields.

YETKA, Justice.

Plaintiff Diane Brenner appeals from a summary judgment that her claim against defendant Don Fields, individually and dba Caledonia Lounge, is barred by the statute of limitations. *See* Minn.Stat. § 340.951 (1980). The issue is whether the trial court erred by concluding that there were no genuine issues of material fact raised with respect to plaintiff's claim that defendant was estopped to assert the defense. We conclude that fact questions exist and, therefore, we reverse and remand.

This suit involves a subrogation claim by plaintiff's homeowner's insurer against defendant's dramshop insurer arising out of a fire allegedly caused by the negligence of plaintiff's intoxicated tenant. The complaint was not served until approximately 2 months after the 1-year statute of limitations had expired. Defendant moved for summary judgment on the ground that the action was barred. Plaintiff made a cross-motion for summary judgment on the ground that defendant was equitably estopped from asserting the statute of limitations. The principal evidence submitted were the affidavits of Dick Lewis, the adjuster who handled the claim for defendant, and Raymond Krause, plaintiff's attorney. These affidavits present quite different accounts of the

contents of the communications engaged in concerning the claim.

■ Estoppel depends on the facts of each case and ordinarily presents a question for the jury. Its elements are representations or inducements by the defendant upon which the plaintiff has reasonably relied to his detriment. *Northern Petrochemical Co. v. United States Fire Insurance Co.*, 277 N.W.2d 408 (Minn.1979).

■ We agree with plaintiff that she has raised factual issues with respect to these elements. First, Krause's assertions that defendant failed to deny liability and that defendant stated that it was conducting an investigation that might lead to settlement are a sufficient factual showing that representations were made. Second, Krause's statement that in reliance upon those representations he refrained from filing suit, believing either that a settlement would be reached or that defendant had impliedly requested that suit be deferred until it could ascertain its position on liability, provides factual support for the element of reliance. *See generally* Annot., 43 A.L.R.3d 756 (1972); Annot., 39 A.L.R.3d 127 (1971). Whether it was reasonable of plaintiff to rely on "settlement negotiations" consisting of defendant's efforts to determine whether there was a basis for the claims is clearly a fact question. Third, it is undisputed that plaintiff would suffer detriment if no estoppel is found since the opportunity to recover the fire loss would be forfeited.

The findings of fact, conclusions of law and order for judgment of the trial court indicate that the judge reviewed the affidavits submitted and arrived at a version of what had been said during the parties' communications and what could reasonably have been inferred from those remarks. Although we agree that the evidence presented on these cross-motions strongly favors defendant, the purpose of a motion for summary judgment is not to resolve factual issues but to determine if they exist. Since the exact nature of the representations and the reasonableness of the reliance upon them are disputed, the issue of estoppel should be presented to a factfinder.

Reversed and remanded.