**MUTUAL SERVICE LIFE INSURANCE COMPANY, Appellant,**

v.

**GALAXY BUILDERS, INC., BE Architects, Inc., Mayeron Engineering Company, Respondents.**

No. C8–88–1799.

Court of Appeals of Minnesota.

Jan. 31, 1989.
Review Denied April 19, 1989.

Jerome A. Miranowski, Oppenheimer Wolff & Donnelly, Minneapolis, for appellant.

James R. Bresnahan, Brian N. Toder, Cochrane & Bresnahan, P.A., St. Paul, for Galaxy Builders, Inc.

Mark Jacob Frenz, Briggs and Morgan, Minneapolis, for BE Architects, Inc.

Thomas J. Radio, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for Mayeron Engineering Co.

Heard, considered and decided by KALITOWSKI, P.J., and LANSING and FLEMING,* JJ.

## OPINION

WILLIAM FLEMING, Judge.

Mutual Service Life Insurance Company (MSI) appeals from the trial court's grant of summary judgment to all respondents. The action arises from alleged defects in construction of a warehouse concrete floor resulting in cracking allegedly due to insufficient thickness of the concrete and failure to install wire meshing as called for by the construction plans. We affirm the trial court's grant of summary judgment to BE Architects, Inc. (BE) and Mayeron Engineering Company (Mayeron), based upon a two year statute of limitations, but reverse the trial court's grant of summary judgment to Galaxy Builders, Inc. (Galaxy) and remand for further proceedings on the issue of estoppel.

## FACTS

On March 1, 1982, MSI purchased improved property known as the "Reynolds Building" from Galaxy, the general contractor who constructed and owned the building. BE provided architectural plans and specifications. Mayeron provided structural engineering specifications, drawings and plans, but claims it had no duty to supervise or inspect construction.

Prior to purchase, MSI was given BE's plans and specifications indicating the concrete floor was to be at least four and up to six inches thick, with wire mesh reinforcing. Prior to purchase, Galaxy and BE executed a certificate of substantial completion dated February 9, 1982. Also prior to purchase, but apparently unknown to MSI, Mayeron wrote a letter to Galaxy dated January 12, 1982, stating the letter was responding to a letter from the construction lender about the Reynolds Building, and stating:

> The major part of warehouse floors are 4″ thick. This has been standard for warehouse floors. Some areas are 6″ thick for special loadings.

On February 24, 1983, MSI informed Galaxy of cracks in the concrete floor. Tests were performed by Twin City Testing and Engineering Laboratories, Inc. (Twin City) at Galaxy's expense. Twin City's report, dated April 18, 1983, concluded: (1) the concrete slab thicknesses proximate to the worst cracking varied from 2¼″ to 5″, with an average value of less than 4″, and (2) the most probable cause of the worst distress to the concrete slab would be an insufficient thickness of concrete in those floor areas subject to forklift traffic. Twin City sent a copy of this report to MSI.

The April 18, 1983, report date is significant. The trial court concluded that MSI was aware of the defective condition on or about April 18, when it received the report. MSI commenced this suit on June 21, 1985, two years and two months later. The trial court by order dated September 5, 1986, granted the summary judgment motions of BE and Mayeron dismissing the contract and negligence claims against them based upon the two-year statute of limitations contained in Minn.Stat. § 541.051, subd. 1 (1984).[1] The trial court denied BE's and

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. Minn.Stat. § 541.051, subd. 1 (1984) provides in relevant part:

Mayeron's motions to dismiss Galaxy's cross-claims against them and granted MSI's motion to amend its complaint to assert a cause of action for negligent misrepresentation against Galaxy, BE and Mayeron.

Nonbinding arbitration, pursuant to Spec.R.Prac. 4th Jud. Dist. 5, occurred on September 17, 1987. The arbitrator awarded MSI $140,000 in damages from Galaxy. The arbitrator awarded Galaxy contribution from BE of $20,000 and from Mayeron of $20,000. Respondents requested a trial.

Galaxy moved for summary judgment based on the two-year statute of limitations. BE and Mayeron also moved for summary judgment on the remaining action of negligent misrepresentation based on the two-year statute of limitations. MSI opposed the motions arguing (1) causes of action for negligent misrepresentation against all three respondents are causes of action for fraud, and causes of action for fraud are specifically excluded from the statute of limitations and (2) Galaxy is estopped from asserting the statute of limitations because it's assurances that it would take care of the problem led to MSI's delay in commencing the lawsuit. MSI moved for leave to again amend its complaint to include an action for intentional misrepresentation against all three respondents.

The trial court granted all three respondents' motions for summary judgment. The trial court denied MSI's motion for leave to amend its complaint. In a supporting memorandum, the trial court explained that the recent Minnesota Supreme Court case of *Wittmer v. Ruegemer*, 419 N.W.2d 493 (Minn.1988) was controlling. This appeal followed.

**541.051 LIMITATION OF ACTION FOR DAMAGES BASED ON SERVICES OR CONSTRUCTION TO IMPROVE REAL PROPERTY.**
Subdivision 1. Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against

### ISSUES

1. Did the trial court err in its application of the law by holding MSI's allegations of fraud did not toll the two-year statute of limitations contained in Minn.Stat. § 541.051, subd. 1?

2. Did the trial court err by granting summary judgment to Galaxy because a genuine issue of material fact exists as to whether Galaxy is estopped from asserting a statute of limitations defense?

3. Did the trial court err by denying MSI leave to amend its complaint?

### ANALYSIS

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal from summary judgment, the role of the reviewing court is to review the record for the purpose of answering two questions: (1) whether there are any material issues of fact to be determined, and (2) whether the trial court has erred in its application of the law. *Minneapolis, St. Paul & Sault Ste. Marie Railroad Co. v. St. Paul Mercury–Indemnity Co.*, 268 Minn. 390, 406, 129 N.W.2d 777, 788 (1964). "A material fact is one of such a nature as will affect the result of the case depending on its resolution." *Zappa v. Fahey*, 310 Minn. 555, 556, 245 N.W.2d 258, 259–60 (1976). When reviewing a summary judgment the reviewing court "must take a view of the evidence most favorable to the

any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery thereof, nor, in any event shall such a cause of action accrue more than 15 years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or his representative can occupy or use the improvement for the intended purpose.

one against whom the motion was granted." *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

■ 1. *Statute of limitations.* MSI argues causes of action for fraud are specifically excepted from the two-year statute of limitations contained in Minn.Stat. § 541.051, subd. 1. The relevant part of the statute reads:

> Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, * * * shall be brought * * * more than two years after discovery thereof * * *

*Id.*

The Minnesota Supreme Court recently addressed the meaning of the fraud exception of the statute in *Wittmer v. Ruegemer*, 419 N.W.2d 493 (Minn.1988). In *Wittmer*, the property owners sued the general contractor and the city to recover damages for a defective septic tank installed approximately four years earlier. *Id.* at 494–95. The conflict centered on when the defective condition was discovered and when the two-year limitation period of Minn.Stat. § 541.051, subd. 1 commenced. *Id.* Plaintiffs argued the defect was discovered after a 1984 consultant inspection report advising the system was defective and could not be corrected by adding dirt fill, as previously recommended by the contractor on several occasions. *Id.* Defendants argued the plaintiffs were aware of standing water over the seepage area in 1983 which was sufficient to commence the limitation period, thereby barring the suit. *Id.* The trial court agreed with defendants and granted summary judgment to them. The court of appeals reversed, agreeing with plaintiffs. *Wittmer v. Ruegemer*, 402 N.W.2d 187 (Minn.Ct.App.1987). The supreme court affirmed in part, reversed in part, and remanded to the trial court, finding the date on which the two-year limitation period began to run was a question of fact that could not be determined as a matter of law. *Wittmer*, 419 N.W.2d at 497.

Addressing the express exception for fraud found in Minn.Stat. § 541.051, subd. 1, the supreme court said:

> Certainly, if the defendant has by fraud prevented the plaintiff from discovering the defective and unsafe condition within 15 years after substantial completion of construction, the statute is tolled until the plaintiff could, by reasonable diligence, have discovered the defective condition. *E.g., Couillard v. Charles T. Miller Hospital, Inc.*, 253 Minn. 418, 92 N.W.2d 96 (1958). *See also Wild v. Rarig*, 302 Minn. 419, 450, 234 N.W.2d 775, 795 (1975), *cert. denied*, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976).[4] With respect, however, to the two-year limitation period, it is apparent that fraud does not toll the statute because the limitation period does not, according to its terms, begin to run until discovery of the defective condition. Of course, fraudulent concealment is relevant if it is contended that the plaintiff should, by exercising reasonable diligence, have sooner discovered the defective condition. Thus, the truth or falsity of Kottke's representations, whether plaintiffs were misled, and other elements of fraudulent concealment are part of the factual background germane to determination by the trier of fact of the date on which the plaintiffs discovered or, in the exercise of reasonable diligence, should have discovered the defective and unsafe condition of the septic system which Kottke designed and built.

*Wittmer*, 419 N.W.2d at 497–98 (footnote omitted).

Minn.Stat. § 541.051, subd. 1, and the interpretation in *Wittmer* follow the well-established rule that in the absence of fraud, ignorance of the existence of a cause of action does not toll the statute of limitations, but the statute does not run against actions for fraud until the fraud is discovered. *See Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775 (1975), *cert. denied*, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976); *Murray v. Fox*, 300 Minn. 373, 220 N.W.2d 356 (1974); *City of Coon Rapids v. Suburban Engineering, Inc.*, 283 Minn. 151, 167 N.W.2d 493 (1969); *Couillard v.*

*Charles T. Miller Hospital, Inc.*, 253 Minn. 418, 92 N.W.2d 96 (1958); *Voegele v. Mahoney*, 237 Minn. 43, 54 N.W.2d 15 (1952); *Schmucking v. Mayo*, 183 Minn. 37, 235 N.W. 633 (1931).

Here, MSI's claims of fraud are all relevant to fraudulent concealment prior to and affecting discovery. MSI claims that Galaxy and BE made negligent misrepresentations by executing the certificate of substantial completion on February 9, 1982, stating the floor was constructed according to the contract. MSI claims that Mayeron made negligent misrepresentations by its letter dated January 12, 1982, stating warehouse floors are standard 4″ to 6″ thick. As the supreme court said in *Wittmer*, the "truth or falsity of [defendant's] representations, whether plaintiffs were misled, and other elements of fraudulent concealment are part of the factual background germane to determination by the trier of fact *of the date on which the plaintiffs discovered* or, in the exercise of reasonable diligence, should have discovered the defective and unsafe condition * * *." *Wittmer*, 419 N.W.2d at 498 (emphasis supplied).

Here, the date of discovery is not in dispute. The trial court found, and MSI never disputed, nor now disputes, that the defective condition was discovered when MSI received Twin City's report dated April 18, 1983. MSI cannot escape the fact that (1) the statute of limitations commenced to run on or about April 18, 1983, when the defect and fraudulent concealment were discovered, and (2) it commenced its lawsuit on June 21, 1985, approximately two years and two months later, and approximately two months after the statute of limitations had run.

MSI would have this court read into Minn.Stat. § 541.051, subd. 1, an interpretation that fraud forever bars the statute of limitations from running. MSI cites no authority for this proposition. Such an interpretation would be contrary to the recent holding in *Wittmer* and contrary to the well-established rule that statutes of limitation run against actions for fraud from the time the fraud is discovered.

We agree with the trial court that *Wittmer* is controlling. The trial court did not err in granting summary judgment to BE and Mayeron based on the statute of limitations. The trial court did, however, err in granting summary judgment to Galaxy based on the statute of limitations without addressing MSI's argument that Galaxy is estopped from asserting a statute of limitations defense.

2. *Estoppel.* MSI argues a genuine issue of material fact exists precluding summary judgment for Galaxy. MSI argues Galaxy's assurances that it would take care of the concrete floor problems caused MSI to delay commencement of the action. Thus, MSI argues Galaxy should be estopped from asserting the statute of limitations as a defense.

The Minnesota Supreme Court addressed a similar issue in *Brenner v. Nordby*, 306 N.W.2d 126 (Minn.1981). In *Brenner*, the supreme court held that genuine issues of material fact were raised as to the plaintiff's claim that defendant was estopped to assert the defense of statute of limitations, thereby precluding summary judgment. *Id.* at 127. The supreme court reversed and remanded the summary judgment instructing the trial court to present the issue of estoppel to a factfinder. *Id.* Further, the court said:

> Estoppel depends on the facts of each case and ordinarily presents a question for the jury. Its elements are representations or inducements by the defendant upon which the plaintiff has reasonably relied to his detriment.

*Brenner*, 306 N.W.2d at 127 (citing *Northern Petrochemical Co. v. United States Fire Insurance Co.*, 277 N.W.2d 408 (Minn. 1979)). In *Northern Petrochemical Co.*, the supreme court said:

> Estoppel is an equitable doctrine addressed to the discretion of the court and is intended to prevent a party from taking unconscionable advantage of his own wrong by asserting his strict legal rights * * *.

*Northern Petrochemical Co.*, 277 N.W.2d at 410. Here, MSI raised *factual issues of*

*representations or inducements* by Galaxy upon which MSI *relied* to its *detriment.* The trial court erred by not presenting the issue of estoppel to a factfinder.

As for disputed factual issues of representations or inducements, MSI alleges Galaxy assured MSI it would take care of the problem. MSI requested replacement of the entire floor. MSI admits Galaxy did not agree to full replacement, but alleges Galaxy did not refuse full replacement and continued to assure MSI the problem would be taken care of. Galaxy, on the other hand, claims MSI at all times wanted the entire floor replaced and Galaxy only agreed to repair the cracks. Galaxy claims it repaired the cracks. MSI claims repair was only a temporary solution, and the parties continued to try to resolve the matter without litigation. In June, 1985, after the statute of limitations had run, MSI alleges Galaxy refused to perform acceptable repair. Resolution of these disputed factual issues of representations or inducements presents a question for the jury.

As for reliance, whether it was reasonable for MSI to rely on settlement negotiations and Galaxy's alleged assurances is a fact question. *See Brenner,* 306 N.W.2d at 127. As to detriment, clearly MSI would suffer detriment if no estoppel is found, since its opportunity to recover damages would be forfeited. *Id.*[2]

The trial court erred in granting summary judgment to Galaxy because a genuine issue of material fact exists as to whether Galaxy is estopped from asserting a statute of limitations defense. If the reviewing court finds that material issues of fact need to be determined, the case is to be remanded to the trial court without a decision on the legal issues. *Caledonia Community Hospital v. Liebenberg Smiley Glotter & Associates, Inc.,* 308 Minn. 255, 258–59, 248 N.W.2d 279, 281 (1976). We remand for a factfinder, i.e. jury, determination of the disputed factual elements of estoppel following *Brenner. See Brenner,* 306 N.W.2d 126.

3. *Amended complaint.* MSI argues the trial court erred by denying it leave to amend its complaint to allege intentional misrepresentation. The trial court found "[f]raud is fraud" and an "amendment would be fruitless due to the holding in the *Wittmer* case."

MSI's claims of intentional fraud appear to be the same as its claims of negligent misrepresentation except MSI claims it can prove intent. Whether intentional or negligent, however, MSI's claims still go to fraudulent concealment. Under the logic of *Wittmer* and as the trial court correctly held, these claims do not toll the statute of limitations after discovery of the defect. BE's and Mayeron's statute of limitations defenses still prevail. The trial court did not err in denying leave to amend the complaint against BE and Mayeron.

However, in view of this court's decision reversing the grant of summary judgment to Galaxy and remanding for jury determination of the disputed factual elements of estoppel following *Brenner,* it may be appropriate to grant MSI leave to amend its complaint against Galaxy to allege intentional misrepresentation. Consequently, we reverse that part of the trial court's judgment denying MSI leave to amend its complaint against Galaxy to allege intentional misrepresentation, and remand for further consideration of appropriate relief.

## DECISION

The trial court did not err in its application of the law by holding MSI's allegations of fraud did not toll the two-year statute of limitations contained in Minn.Stat. § 541,.051, subd. 1. The trial court did not err by granting summary judgment to BE Architects and Mayeron, and denying MSI leave to amend its complaint against them.

We reverse that part of the trial court's judgment granting summary judgment to Galaxy on the ground that the trial court erred by concluding no material issues of

2. The $140,000 arbitration award to MSI, although nonbinding, presents proof that the detriment, as a result of forfeiture, is real.

fact exist on whether Galaxy is estopped from asserting a statute of limitations defense, and remand for jury determination of the disputed factual elements of estoppel following *Brenner.* We also reverse that part of the trial court's judgment denying MSI leave to amend its complaint against Galaxy to allege intentional misrepresentation, and remand for further consideration of appropriate relief in light of this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.