**Thomas Marcel MURPHY, Appellant,**

v.

**Frank WOOD, et al., Respondents.**

No. C8–95–2101.

Court of Appeals of Minnesota.

March 19, 1996.

Bradford Colbert, St. Paul, for appellant.

Hubert H. Humphrey, III, Attorney General, M. Jacqueline Regis, Alan T. Held, Peter M. Ackerberg, Assistant Attorneys General, St. Paul, for respondent.

Considered and decided by RANDALL, P.J., and LANSING and KLAPHAKE, JJ.

## OPINION

LANSING, Judge.

This appeal challenges the requirement to register as a predatory offender under Minn. Stat. § 243.166 for a conviction "arising out of the same set of circumstances" as a charged sex offense. Because a contested issue exists on whether the conviction arose from the same factual circumstances as the charged predatory offense, we reverse the summary judgment and remand for further proceedings.

## FACTS

In April 1991 the state charged Thomas Murphy with first degree criminal sexual conduct involving an adult female, first degree burglary, aggravated robbery, second degree assault on an adult male, and kidnapping. In August 1991 Murphy pleaded guilty to aggravated robbery and second degree assault. In September 1991 the court sentenced Murphy to a 78–month executed commitment. Murphy's supervised release was scheduled to begin November 12, 1995.

In July 1994, when Murphy was still in prison, Murphy's case manager informed him of his duty to register as a predatory offender pursuant to Minn.Stat. § 243.166, subd. 1. Murphy filed this declaratory judgment action in December 1994, challenging the constitutionality of section 243.166. The district

court granted the state's motion for summary judgment, which Murphy now appeals.

## ISSUE

Did the district court err in granting summary judgment when the criminal complaint provided the only information about the factual circumstances of the alleged offense requiring registration as a predatory offender?

## ANALYSIS

■ Summary judgment is appropriate only if no genuine issues of material fact exist and a party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03; *Gaspord v. Washington County Planning Comm'n*, 312 Minn. 591, 591, 252 N.W.2d 590, 590 (1977). We review the evidence in the light most favorable to the nonmoving party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). When issues of fact exist, cross motions for summary judgment will not obviate a trial. *St. Paul Fire & Marine Ins. Co. v. National Computer Sys.*, 490 N.W.2d 626, 630 (Minn.App.1992), *review denied* (Minn. Nov. 17, 1992).

Section 243.166 requires a person "charged with * * * a felony violation of * * * [specified offenses], and convicted of * * * that offense or of another offense arising out of the same set of circumstances" to register with a corrections agent. Minn.Stat. § 243.166, subd. 1(a)(1) (1994 & 1995 Supp.). Murphy did not plead guilty to first degree criminal sexual conduct, which specifically falls within the registration statute. *Id.* at (iii) (listing Minn.Stat. § 609.342 (1994)). The state maintains, however, that Murphy's convictions for aggravated robbery and second degree assault allegedly arise from the same circumstances as the charged predatory offense, and therefore Murphy must register as a predatory offender.[1]

■ A factual record is necessary to determine whether Murphy's alleged sexual assault on the adult female arose from the same set of circumstances as Murphy's convictions for aggravated robbery and assault

---

1. Although the state argued that at least thirty-nine other states have similar registration statutes, all other states require actual convictions for the predatory offense and do not mandate registration for convictions for other offenses arising from the same set of circumstances.

on the adult male. The facts underlying the offense are also necessary for any constitutional analysis of procedural and substantive due process. The only reference to the facts supplied by the parties is a copy of the criminal complaint. Murphy never admitted the allegations in the complaint, and the information in the record states that he changed his denial only as it related to the robbery allegation and the assault of an adult male (not alleged to be a sexual assault). The record contains neither a transcript for the guilty plea nor a sentencing transcript.

 Whether Murphy's convictions arose from the same set of circumstances as his charged sexual misconduct presents an issue of material fact. Any doubts about disputed issues of material fact must be resolved by denying summary judgment. *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974). State statutes will be declared unconstitutional "only when absolutely necessary and then only with great caution." *Snyder v. City of Minneapolis,* 441 N.W.2d 781, 788 (Minn.1989). A constitutional analysis is inappropriate when the record does not demonstrate that the statutory criteria have been met.

### DECISION

We reverse and remand summary judgment because an issue of material fact exists on the factual circumstances that resulted in a guilty plea for two nonsexual offense felonies.

**Reversed and remanded.**