*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0898**

Linda A. Trampusch,
Appellant,

vs.

Truck Insurance Exchange,
Respondent.

**Filed February 9, 2026
Reversed and remanded
Kirk, Judge**[*]

St. Louis County District Court
File No. 69DU-CV-24-2409

Linda A. Trampusch, Tower, Minnesota (pro se appellant)

Kevin J. Kennedy, Mary J. Baskfield, Kennedy Law Firm, PLLC, Woodbury, Minnesota (for respondent)

Considered and decided by Smith, Tracy M., Presiding Judge; Harris, Judge; and Kirk, Judge.

**NONPRECEDENTIAL OPINION**

**KIRK**, Judge

This appeal concerns an insurance-coverage dispute following a house fire. Appellant-policyholder challenges the district court's grant of summary judgment to

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

respondent-insurer, arguing that a genuine issue of material fact exists with respect to whether respondent-insurer waived a two-year contractual limitations period or is estopped from enforcing it. Because a genuine issue of material fact exists with respect to whether respondent-insurer waived the contractual limitations period or is estopped from enforcing it, we reverse and remand.

### FACTS

The following facts are based on the summary-judgment record and are stated in the light favorable to appellant Linda A. Trampusch as the party against whom the district court granted summary judgment. *See STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002). During the relevant events, Trampusch had a homeowner's insurance policy with respondent Truck Insurance Exchange (Truck).[1] Trampusch's policy provided coverage for the actual cash value of her home, which refers to the "reasonable replacement cost at time of loss less deduction for depreciation." The policy indicates that Truck "will pay no more than the actual cash value of the property at the time of loss until actual repair or replacement is completed." A similar provision appears with respect to personal property, stating that, "when the cost to repair or replace damaged property is more than $2,500, [Truck] will pay no more than the actual cash value of the damaged specific component part(s) of the property until actual repair or replacement

---

[1] The record suggests that, with respect to the relevant events, Truck was doing business under the name "Farmers Insurance." Indeed, the insurance policy lists "Farmers Insurance" as the insurer. To be consistent with the party names in the case caption, we use "Truck" throughout.

2

is completed." To receive payment in excess of the actual cash value, which we refer to as the "replacement-cost payment," the policy imposes the following requirement:

> For any loss to property which may be settled on a replacement cost basis, you have *365 days from the date of our first payment toward actual cash value* to collect any amounts due for replacement cost settlement. The property must be actually repaired or replaced by you to collect replacement cost. If you do not actually repair or replace the property within 365 days from the date of our first payment toward actual cash value, then the loss or damage will only be settled at actual cash value.

(Emphasis added.)

The policy additionally imposes a deadline for bringing a lawsuit, which states that lawsuits "must be brought within two years after the inception of the loss or damage." This language stems from a requirement stated in Minnesota Statutes section 65A.01, subdivision 3 (2024), which provides that applicable policies include the following language: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within two years after inception of the loss."

On May 9, 2020, Trampusch's home burned down in a fire. Trampusch filed a claim with Truck shortly thereafter. On May 21, 2020, Truck paid Trampusch $279,000, which represented the actual cash value of the home. Under the policy, the May 21, 2020 payment of the actual cash value started the 365-day deadline to repair the property and collect the replacement cost, which accordingly was to occur on May 21, 2021. Truck made the first payment toward the actual cash value of personal property on August 18 or

3

19, 2020. This payment date started the 365-day deadline to recover replacement cost of personal property, which was to occur on August 18 or 19, 2021.

Trampusch requested extensions of the replacement-cost deadlines. On October 1, 2020, Truck informed Trampusch that it "may be able to grant an extension but it would not be open ended and [it] cannot do anything official until you have the contract signed and the rebuild has a schedule for completion." After one or more of the 365-day deadlines passed, the parties exchanged several communications regarding potential extensions. In a letter in late May 2021, Truck indicated that additional information was necessary to consider a potential extension and included a disclaimer that "no activity on our part should be construed as a waiver." In July and August 2021, Truck sent additional reminders that Trampusch needed to provide a construction contract and the expected completion date. Trampusch indicated that she was trying to move the project along but was having difficulty doing so. In September and November 2021, Truck sent additional requests for a construction contract. In one of these messages, Truck stated that "we are beyond the 1-year replacement cost time limit on the policy. You have requested an extension but have not yet signed the contract for the rebuild. We are not able to consider that request without a signed contract and expected completion date." Trampusch submitted building plans in January 2022 but, in response, Truck again requested the contract. Trampusch indicated that she was not comfortable signing a contract until she knew that the amount of replacement-cost payment that Truck would pay.

Trampusch failed to submit a contract by the expiration of the two-year contractual limitations period. On August 26, 2022, Truck informed Trampusch that it had closed her

4

insurance claim due to the expiration of time periods to recover the replacement-cost payment. However, in January 2023, after sending a notice of claim closure, Truck contacted Trampusch about her septic system and deck. And in February 2023, Truck processed payment on Trampusch's claim for her deck and septic system but informed her that there would not be an extension, presumably referring to the replacement-cost deadlines. Trampusch submitted a home-construction contract in December 2023.

In October 2024, Trampusch brought a lawsuit against Truck in which she alleged breach of contract related to failure to pay the replacement costs of the home and personal property. She additionally alleged that the 365-day deadline is contrary to public policy, and she appeared to also raise an equitable estoppel theory of the limitations period by arguing that Truck led her to believe that it would pay her the replacement-cost payment and that she reasonably relied on this conduct. Truck moved for summary judgment on the basis of expiration of the contractual limitations period. The district court granted Truck's motion.

Trampusch appeals.

## DECISION

"Summary judgment is appropriate if 'there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Metro. Transp. Network, Inc. v. Collaborative Student Transp. of Minn., LLC*, 6 N.W.3d 771, 778 (Minn. App. 2024) (quoting Minn. R. Civ. P. 56.01), *rev. denied* (Minn. July 23, 2024). Appellate courts "review the grant of summary judgment de novo to determine whether there are genuine issues of material fact and whether the district court erred in its

5

application of the law." *Montemayor v. Sebright Prods., Inc.*, 898 N.W.2d 623, 628 (Minn. 2017) (quotation omitted). In doing so, appellate courts "view the evidence in the light most favorable to the party against whom summary judgment was granted." *STAR Ctrs., Inc.*, 644 N.W.2d at 76-77.

A genuine issue of material fact exists when reasonable people "might draw different conclusions from the evidence presented." *Hanson v. Dep't of Nat. Res.*, 972 N.W.2d 362, 372 (Minn. 2022). A district court errs by granting a motion for summary judgment if there are doubts about genuine issues of material fact, *Murphy v. Wood*, 545 N.W.2d 52, 54 (Minn. App. 1996), even if the district court believes that the nonmoving party would be unlikely to prevail at trial, *Whisler v. Findeisen*, 160 N.W.2d 153, 155 (Minn. 1968). But there is no genuine issue of material fact "if the record as a whole could not lead a rational trier of fact to find for the non-moving party." *Superior Const. Servs., Inc. v. Belton*, 749 N.W.2d 388, 390 (Minn. App. 2008) (quotation omitted).

## I. A genuine issue of material fact exists regarding whether Truck either waived or is estopped from enforcing the contractual limitations period.

Trampusch argues that she presented evidence that raises a genuine issue of material fact as to whether Truck waived the contractual limitations period or is estopped from enforcing it. In support of this argument, Trampusch argues that evidence indicates that Truck was still considering her claim after the two-year contractual limitations period, that Truck requested information about the claim after this deadline, that Truck admitted liability, and that Truck failed to show requisite prejudice to enforce the deadline.

6

"[A]n insurer, by its statements or conduct, may waive[] or be estopped from asserting as a defense to an action on a policy standard or statutory provisions incorporated therein which limit the time within which to commence an action thereunder." *O'Donnell v. Cont'l Cas. Co.*, 116 N.W.2d 680, 684 (Minn. 1962); *see also N. Petrochemical Co. v. U.S. Fire Ins. Co.*, 277 N.W.2d 408, 410-11 (Minn. 1979) (addressing whether an insurer was estopped from asserting statute of limitations as a defense).

In the insurance context,

> waiver or estoppel is established by an insurer's request or delay to permit further investigation; or to obtain additional proofs of loss which cannot be furnished until after or near the expiration of the limitation period; or by its express or implied admissions of liability, coupled with prolonged negotiations through adjusters during which [the] insured is led to believe that his claim will be settled.

*O'Donnell*, 116 N.W.2d at 684 (citations omitted); *cf. Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.*, 715 N.W.2d 458, 473 (Minn. App. 2006) ("When a party allegedly responsible for remedying a defect in real property makes assurances or representations that the defect will be repaired, that party may be estopped from asserting a statute-of-limitations defense if the injured party reasonably and detrimentally relied on the assurances or representations." (quotation omitted)), *rev. denied* (Minn. Aug. 23, 2006). "Whether equitable estoppel applies is a question of fact unless only one inference can be drawn from the facts." *Lake Superior Ctr. Auth.*, 715 N.W.2d at 473.

We next address whether an issue of material fact exists with respect to waiver or estoppel. Trampusch argues that Truck requested more information about the dwelling's

septic system and deck in January 2023, which is after the two-year contractual limitations period expired in May 2022. Truck argues that (1) Trampusch failed to supply a building contract, which is the only information that Truck requested to consider her extension request; (2) it never promised that it would grant her request for a 365-day extension; and (3) requests for her contract after the 365-day deadline are merely reminders of the initial request for a contract rather than requests for additional information.

We conclude that Trampusch established a genuine issue of material fact regarding whether Truck waived the contractual limitations period or is estopped from enforcing it. Notably, in January 2023, despite sending a notice of claim closure, Truck contacted Trampusch seeking information about the septic system and deck. Although these requests do not directly address the replacement cost at issue in the lawsuit, a reasonable fact-finder could find that Truck, under *O'Donnell*, waived the deadline to sue by requesting information related to the broader claim after this deadline expired.

Truck is correct that it never promised Trampusch that it would grant extensions of the replacement-cost deadlines. However, an email sent after the expiration of the two-year period by someone who appears to be affiliated with Truck suggests that it would still consider extending the replacement-cost deadline pending submission of proof. This message stated "Thank you, . . . for working to get that exception. Thanks, Linda for your efforts to provide the necessary information. I'm hopeful that this will help move the project along towards a final resolution." Trampusch additionally submitted an exhibit of her online claim dashboard, dated March 2024, which listed the claim as being in the "gathering information" stage. Based on those facts, we conclude that a reasonable fact-

8

finder could conclude that Truck waived the contractual limitations period or is estopped from enforcing it. *See O'Donnell*, 116 N.W.2d at 684. We therefore reverse the district court's grant of summary judgment in favor of Truck and remand for further proceedings.[2]

## II. The district court did not err by failing to analyze the reasonableness of the two-year contractual limitations period.

Trampusch additionally argues that the district court was required to analyze the two-year limitation for reasonableness. We are not persuaded. Notably, the contractual limitations period is consistent with statute. *See* Minn. Stat. § 65A.01, subd. 3. Trampusch provided no authority that a court needs to evaluate needs to evaluate reasonableness in that context. *See Harmony East Condominium Ass'n v. Falls Lake Fire & Casualty Co.*, No. 24-cv-2048, 2024 WL 5168333 (D. Minn. Dec. 19, 2024); *Henning Nelson Construction Co. v. Fireman's Fund American Life Insurance Co.*, 383 N.W.2d 645 (Minn. 1986), *Michael Foods, Inc. v. Allianz Insurance Co.*, No. 02-CV-3504, 2003 WL 1956294 (D. Minn. Apr. 21, 2003); *Hayfield Farmers Elevator &*

---

[2] Trampusch additionally contends that the district court erred by considering an argument in Truck's summary-judgment reply-memorandum about the 365-day deadline to rebuild. She points to a provision of the order stating that "[Truck] consistently requested a signed contract and did not receive one until after the one-year deadline." Truck, in response to Trampusch's argument in her summary-judgment memorandum that Truck waived the contractual limitations period or is estopped from enforcing it, argued in its summary-judgment reply-memorandum that its consideration of an extension to the 365-day deadline to rebuild does not result in waiver or estoppel. Because Truck's argument responds to an issue raised in Trampusch's summary-judgment memorandum, it is not prohibited by Minn. Gen. R. Prac. 115.03(c).

Additionally, the district court's reference to the 365-day deadline does not indicate that it relied on this deadline as a separate basis for denying her claim but rather indicated that Truck's communications regarding this deadline do not create a genuine issue of material fact regarding waiver or estoppel. For the reasons we explained above, there is such an issue of material fact.

*Mercantile Co. v. New Amsterdam Casualty Co.*, 282 N.W. 265, 269 (Minn. 1938).[3] For these reasons, we conclude that Trampusch has not demonstrated that the district court was required to analyze the two-year limitation for reasonableness.

**Reversed and remanded.**

---

[3] Trampusch additionally relies upon *Harmony*, which cites Minnesota Statutes section 72A.201, subdivision 4(8) (2024), in appearing to argue that Truck failed to comply with a requirement to warn her about the deadline at least sixty days in advance. *See* 2024 WL 5168333, at *7. Trampusch did not present this argument to the district court and therefore forfeits it on appellate review. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented [to] and considered by the [district] court in deciding the matter before it." (quotation omitted)).