Anton **BEKIS** and Nora Bekis, Respondents,

v.

Richard **SCHILLING**, Defendant.

**STATE** of Minnesota, Defendant and Third Party Plaintiff, Appellant,

v.

**SCHNITZER IRON & METAL COMPANY**, Third Party Defendant, Respondent.

No. C2–84–543.

Court of Appeals of Minnesota.

Nov. 6, 1984.

Hubert H. Humphrey, III, Atty. Gen., Kathleen L. Winters, Asst. Atty. Gen., St. Paul, for appellant State.

John Vukelich, St. Paul, for Bekis.

Scott Lundquist, Minneapolis, for Schnitzer Iron & Metal Co.

Heard, considered and decided by FOLEY, P.J., and CRIPPEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

The state appeals a court order denying them contribution from the injured party's employer when the state was sued as an independent tort-feasor and the jury found the employer partially responsible in the third party action. We affirm.

## FACTS

Respondent Anton Bekis, an employee at respondent Schnitzer Iron and Metal Company (Schnitzer), had his right thumb severed while operating alligator shears. Alligator shears cut metal scrap to sizes that allow safe, economical handling; they also cut bars to length and trim sheet or plate metal. Bekis was injured in part because of the placement of an I-beam safety device designed by a state OSHA employee. Respondent Bekis and his spouse, Nora, brought a lawsuit for damages against the State of Minnesota and the state, in turn, as a third party plaintiff, sued Bekis's employer for contribution pursuant to Minn. Stat. § 604.02 (1982). Bekis had chosen to both collect worker's compensation benefits from his employer Schnitzer and bring a lawsuit based on negligence against a third party, namely, the State of Minnesota.

The jury assessed damages of $135,000 for Anton Bekis and $10,000 for Nora Bekis, finding Bekis 5% negligent, Schnitzer 15% negligent, and the state 80% negligent. The state paid its proportionate share,

namely $8,000, on the damage award to Nora Bekis, and that payment is not in issue. The trial court denied the state contribution from Schnitzer for the $135,000 award. The court reasoned that the $100,000 limitation on the state's liability under the Tort Claims Act is less than 80% of the total $135,000 award. Therefore, the state will not pay a disproportionate share of the verdict and is not entitled to contribution. The court also ordered the state as a third party to partially reimburse Schnitzer for worker's compensation benefits, medical expenses and increased insurance premiums it paid on account of Bekis's injury. The amount the state was required to pay Bekis ($81,576.60), and the amount the state was required to reimburse Schnitzer for worker's compensation benefits paid and increased insurance premiums paid ($32,198.83) together totalled over $100,000 although each claim was below the one hundred thousand dollar tort claims statutory limit.

## ISSUES

1. Did the trial court err in ruling the state is not entitled to contribution from the employer?

2. Should a plaintiff and a third party defendant be considered one claimant under Minn.Stat. § 3.736 subd. 4 (1982) for the purposes of reimbursement of workers' compensation and medical benefits?

3. Is an award of damages and double costs for Schnitzer, pursuant to Minn.R. Civ.App.P. 138, appropriate because the appeal was frivolous and brought by appellant merely for delay?

## ANALYSIS

### I.

*Contribution*

■ Contribution is an equitable remedy with two prerequisites: (1) the co-tortfeasors must be under a common liability to the injured party; (2) the co-tortfeasor claiming contribution must have paid a disproportionate share of the judgment.

*Jones v. Fisher*, 309 N.W.2d 726 (Minn. 1981). The jury determined that the state should be liable for 80% of the total judgment of $135,000, or $108,000. The Tort Claims Act limits the state's liability to $100,000. So the state will not pay a disproportionate share of the judgment and is not entitled to contribution under Minnesota law. On these facts, the Minnesota Tort Claims Act worked substantially to the state's economic benefit, not its detriment.

The state complains that the trial court ruling absolves the employer of liability for its negligence. The employer, although negligent, will not pay its 15% share.

The state's argument is incorrect. The Minnesota Tort Claims Act, not the trial court ruling, absolves the employer, not of liability, but of the requirement that it reimburse money damages to the state. As noted above, the state is not in a position to claim prejudice with the Tort Claims Act working to its advantage.

■ The state's argument presumes that ours is a pure comparative negligence system. Rather, the legislature created a modified comparative fault system which comprises liability and contribution. Minn. Stat. § 604.01 to 604.06 (1982). Other statutory considerations may take precedence over the jury's assessment of negligence. For example, *Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 257 N.W.2d 679 (1977) held that a third party was entitled to contribution from a negligent employer, but limited the amount of contribution to no more than the employer's worker's compensation liability. *See Kordosky v. Conway Fire & Safety, Inc.*, 304 N.W.2d 616 (Minn.1981); *Johnson v. Raske Bldg. Systems, Inc.*, 276 N.W.2d 79 (Minn.1979). The Minnesota Supreme Court has refused to engraft a pure comparative fault contribution exception upon the Minnesota comparative fault statute. *Horton by Horton v. Orbeth, Inc.*, 342 N.W.2d 112, 116 (Minn. 1984). Likewise, we decline to create a pure comparative fault contribution system by overruling the disproportionality prerequisite to contribution.

Logically, the state's theory could create unacceptable results. For example, if the verdict here were a million dollars, the state would pay its limit of $100,000; yet the state could argue the employer, although only 15% liable, should reimburse them up to $150,000. In such situations, the state could end up, after collecting reimbursement, actually paying out little or no dollars although its assigned fault was greater than the employer who is now out-of-pocket some or all of the verdict. This illustrates the state is the real benefactor of the statutory limit, and should not complain if the artificial statutory limit on its liability here prevents it from collecting contribution.

## II.

*Single or double claim*

 The state argues that since both the employer's claim for medical expenses and employee's tort claim arise from the same injury, the employer should not be considered a separate claimant under § 3.736, subd. 4 (1982). Therefore, the trial court erred in allowing medical expenses since that brings the total obligation of the state for Bekis' injury over the $100,000 statutory limitation. The state will pay a total of $113,775.43. This was broken down into payment to Bekis of $81,576.60 and reimbursement to the employer of $32,198.83.

We do not accept the state's argument since the worker's compensation law provides for a separate cause of action by the employer to recover medical expenses or other special compensation paid the employee. Minn.Stat. § 176.061, subd. 7 (Supp.1983). The Minnesota Supreme Court has held a parent's action for an injured child's medical expenses is separate from the child's action and that both are separate claimants under the municipal tort claims statute. *Faber v. Roelofs*, 298 Minn. 16, 212 N.W.2d 856 (1973). Similarly, the employer's claim for medical expenses is separate and distinct from the employee's tort claim. The trial court noted correctly that the employer and employee had separate claims.

## III.

*Damages to respondent*

 Respondent asks the court for an award of damages under Minn.R.Civ. App.P. 138. The rule provides that if an appeal appears to have been taken merely for delay, the appellate court may award just damages and single or double costs to the respondent. There is no evidence that this appeal was frivolous or taken merely for delay.

## DECISION

We affirm the trial court.