Nancy J. **SICOLI**, et al., **Respondents**,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

**No. CX–90–1660.**

Court of Appeals of Minnesota.

Dec. 24, 1990.

Timothy R. Duncan, William D. Hull, Timmer & Van Vliet, Minneapolis, for respondents.

Kay Nord Hunt, Michael P. Shroyer, Lommen, Nelson, Cole & Stageberg, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and FORSBERG and FLEMING,* JJ.

## OPINION

FORSBERG, Judge.

The Sicolis commenced this action in May of 1988, seeking underinsured motorist benefits. The case was tried to a jury which awarded the Sicolis their damages. The trial court ordered judgment of $100,-000 in favor of Nancy Sicoli and $100,000 in

favor of Peter Sicoli. We reverse the award to Peter.

## FACTS

On August 30, 1985, Nancy Sicoli was severely injured in an automobile accident while she was a passenger in a car. The driver's liability coverage was not sufficient to compensate Nancy fully for her injuries.

The Sicolis were insured under a policy issued by appellant State Farm Mutual Automobile Insurance Company. The policy provided benefits, with bodily injury limits of $100,000 per person and $300,000 per accident arising out of the maintenance or use of an underinsured motor vehicle. The policy defined "bodily injury" to mean "bodily injury to a person and sickness, disease or death which results from it." In addition, under the heading "Limits of Liability," for underinsured motorist coverage, the policy provided:

> The amount of coverage is shown on the declarations page under "Limits of Liability–W–Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. Under "Each Accident" is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident.

The Sicolis commenced the present action in May of 1988, seeking underinsured motorist benefits from State Farm. Peter Sicoli claimed damages as a result of his loss of Nancy's services and companionship.

The case was tried to a jury, which awarded Nancy Sicoli $37,500 for future medical expenses, $300,000 for future loss of earning capacity, $325,000 for past pain and suffering, and $1,075,000 for future pain and suffering. The jury awarded Peter Sicoli $50,000 for past loss of Nancy's services and companionship and $300,000 for his future loss of Nancy's services and companionship.

Based on the jury's verdict, the trial court awarded Nancy Sicoli $100,000, the "per person" limit under the policy, and

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

Peter Sicoli $100,000 for his loss of consortium claim. State Farm contended its maximum liability to both Nancy and Peter was $100,000. The trial court rejected this argument, stating:

> The policy offers no strict definition of bodily injuries. It seems that bodily injury can be read to include loss of consortium and companionship for which the jury awarded $350,000.
>
> Further, the policy issued to the Plaintiffs indicates that the amount of coverage is "$100,000 per person." This could lead a policy owner to believe that each person injured in an accident is entitled to receive the full amount of the policy limits.

Judgment was entered pursuant to the court's order, and State Farm has appealed.

### ISSUES

1. Did the trial court err in awarding Peter Sicoli $100,000 for his loss of Nancy Sicoli's services and companionship when Nancy had been awarded $100,000 for her injuries?

2. Does the doctrine of reasonable expectations require finding coverage for both respondents?

### ANALYSIS

■ The trial court's decision was based on its interpretation of the State Farm policy. Interpretation of an insurance policy is a question of law which this court reviews de novo on appeal. *See Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 886–87 (Minn.1978).

■ Insurance policies are similar to any other contracts. They are matters of agreement between the parties, and a court's function is "to determine what the parties' agreement was and enforce it." *Fillmore v. Iowa Nat'l Mut. Ins. Co.*, 344 N.W.2d 875, 877 (Minn.App.1984). The extent of an insurer's liability is governed by the contract into which the parties have entered. *Bobich v. Oja*, 258 Minn. 287, 295, 104 N.W.2d 19, 24–25 (1960). Any ambiguities in the policy are to be strictly construed against the insurer, since the

insurer drafted the agreement. *Id.* However, a court may not read an ambiguity into the plain language of a policy in order to create coverage where none otherwise exists. *Id.* In construing an insurance contract, the policy must be considered as a whole. *Henning–Nelson Constr. Co. v. Fireman's Fund American Life Ins. Co.*, 383 N.W.2d 645, 652 (Minn.1986).

### Bodily Injury

■ The State Farm policy limits "all damages due to bodily injury to one person" to $100,000. Terms in an insurance policy must be given their ordinary and usual meanings. *Dairyland Ins. Co. v. Implement Dealers Ins. Co.*, 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972).

■ The State Farm policy defines "bodily injury" to mean "bodily injury to a person and sickness, disease or death which results from it." This definition has been criticized by some courts. *See Allstate Ins. Co. v. Handegard*, 70 Or.App. 262, 266, 688 P.2d 1387, 1389 n. 2 (1984), *rev. denied*, 298 Or. 704, 695 P.2d 1371 (1985) ("to say that 'bodily injury' means 'bodily injury' adds nothing to the understanding of the reader"); *Dahlke v. State Farm Mut. Auto. Ins. Co.*, 451 N.W.2d 813, 815 (Iowa 1990). Most courts, however, including this one, have found this definition to be unambiguous. *Hamlin v. Western Nat'l Mut. Ins. Co.*, 461 N.W.2d 395 (Minn. App.1990).

Further, courts in a variety of foreign jurisdictions have held that loss of consortium is not bodily injury. *See Izzo v. Colonial Penn Ins. Co.*, 203 Conn. 305, 313, 524 A.2d 641, 645 (1987) ("A claim of loss of consortium, although a 'personal injury,' is not a 'bodily injury' to the claimant"); *Sheffield v. American Indem. Co.*, 245 S.C. 389, 394, 140 S.E.2d 787, 790 (1965) (damages for loss of consortium are personal, rather than bodily, injury); *see also Sossamon v. Nationwide Mut. Ins. Co.*, 243 S.C. 552, 135 S.E.2d 87, 92 (1964) ("personal injury," as used in statute allowing recovery for negligent operation of school bus, is broader than "bodily injury"; it is

synonymous with "injury to person" and includes loss of consortium); *see generally* Annot., *Consortium Claim of Spouse, Parent or Child of Accident Victim as Within Extended "Per Accident" Coverage Rather than "Per Person" Coverage of Automobile Liability Policy*, 46 A.L. R.4th 735, 761 (1986) (discussing policies basing liability on "personal injury").

We agree with the reasoning of these courts. Peter has suffered the loss of Nancy's services and companionship. This loss, although it is tangible and real, is not "bodily injury" within the commonly accepted meaning of that term.

We do not hold that Peter's injury is not covered under the policy. We hold only that Peter's claim for loss of consortium is not a separate bodily injury. Peter's damages were caused by Nancy's bodily injury. Nancy's damages exhausted the policy's limit for damages due to bodily injury to one person, in this case $100,000. Further recovery is therefore barred by the terms of the insurance contract.

### Reasonable Expectations

Peter contends coverage should be found under the doctrine of reasonable expectations. Whether an insured's expectation of coverage is reasonable is a question of law and the question therefore is subject to de novo review. *A.J. Chromy Constr. Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

The Minnesota Supreme Court adopted the doctrine of reasonable expectations in *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271 (Minn.1985). The doctrine provides that:

> The objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations.

*Id.* at 277 (quoting, Keeton, *Insurance Law Rights at Variance with Policy Provisions*, 83 Harv.L.Rev. 961, 967 (1970)). Regarding the doctrine, the Minnesota Supreme Court has stated:

> The doctrine does not remove from the insured the responsibility to read the policy but at the same time does not hold the insured to an unreasonable level of understanding of the policy. * * * Other factors to be considered are the presence of ambiguity, language which operates as a hidden exclusion, oral communications from the insurer explaining important but obscure conditions or exclusions, and whether the provisions in a contract are known by the public generally. * * * In short, the doctrine asks whether the insured's expectation of coverage is reasonable given all the facts and circumstances.

*Hubred v. Control Data Corp.*, 442 N.W.2d 308, 311 (Minn.1989) (citations omitted).

Other courts have stated that limiting all damages resulting from one person's injury to the per-person limit does not conflict with the reasonable expectations of the insured. *Lepic v. Iowa Mut. Ins. Co.*, 402 N.W.2d 758 (Iowa 1987); *Moore v. State Farm Mut. Auto. Ins. Co.*, 710 S.W.2d 225, 227 (Ky.1986) (Leibson, J. concurring). We agree. As noted earlier, the commonly understood meaning of the term "bodily injury" does not include loss of consortium. The doctrine of reasonable expectations does not compel coverage in this case.

### DECISION

Loss of consortium does not constitute bodily injury. The doctrine of reasonable expectations does not lead to a finding of coverage.

Reversed.