Wilhelmina BEUKHOF, Appellant,

v.

MINNESOTA MUTUAL FIRE AND
CASUALTY COMPANY,
Respondent.

No. C5–93–107.

Court of Appeals of Minnesota.

June 29, 1993.

Review Denied Aug. 6, 1993.

Joe E. Thompson, Schmidt, Thompson, Johnson, and Moody, P.A., Willmar, for appellant.

Robert S. Cragg, Julie Sinykin, Cragg & Fobbe, Hopkins, for respondent.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and HOLTAN,* JJ.

**OPINION**

CRIPPEN, Judge.

Wilhelmina Beukhof appeals from summary judgment granted in favor of Minnesota Mutual Fire and Casualty Company challenging the trial court's calculation of underinsured benefits payable to the insured. We affirm.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

In January 1991, appellant Wilhelmina Beukhof and her husband were in an automobile accident. Beukhof and her husband brought personal injury and loss of consortium claims against American Family Insurance Company (American Family), the driver's carrier. The limits of the American Family liability insurance policy were $100,000 per person and $300,000 per accident. American Family tendered payment of $100,000 on the Beukhof claims and notified appellant's underinsurance carrier, respondent Minnesota Mutual Fire and Casualty Company, of the offer of settlement. The insurer did not divide the settlement offer between the claims of Mrs. Beukhof and her husband. The settlement was accepted, but the claimants allocated $75,000 to Mrs. Beukhof's personal injury claim and $25,000 to her husband's loss of consortium claim. Appellant also received $35,000 in no-fault benefits from Minnesota Mutual.

Appellant Beukhof then submitted an underinsurance claim with Minnesota Mutual. Minnesota Mutual has no per person policy limit, but has a $300,000 per accident limit. The parties stipulated the total value of Mrs. Beukhof's personal injury claim is $150,000, with a $35,000 deduction for no-fault benefits already paid, leaving a $115,000 total insurance claim. Beukhof argues her underinsurance benefits should be the difference between $115,000 and the $75,000 already allocated to her injuries, for an underinsured payment of $40,000. Minnesota Mutual contends Mr. Beukhof's loss of consortium claim for $25,000 must also be deducted, resulting in an underinsured payment of $15,000.

The trial court determined appellant's underinsured motorist's claim should be reduced by the amount paid to her husband on his loss of consortium claim. This appeal followed.

---

1. During these proceedings, neither party has claimed that the Beukhofs could not have pursued Mr. Beukhof's claim as an additional measure of underinsurance benefits. The policy covers all "damages" from an accident "because of" bodily injury. Similarly, Minnesota statutes provide that underinsurance coverage is for

## ISSUE

Did the trial court err in ruling that the settlement of a loss of consortium claim paid to one spouse should be included in the personal injury settlement made to the other spouse for purposes of calculating the amount of insurance recovered and the amount of underinsured benefits payable to the insured?

## ANALYSIS

■ On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). Appellant contends that the trial court erred in its application of *Sicoli v. State Farm Mut. Auto. Ins. Co.,* 464 N.W.2d 300 (Minn.App.1990). She argues that because the claims for her personal injury and her husband's loss of consortium were separate and she did not receive the sums paid to her husband, her underinsured motorist claim should not be reduced by amounts paid to her husband. We conclude this contention is without merit.

■ A loss of consortium claim is derivative from a personal injury claim. *See Huffer v. Kozitza,* 375 N.W.2d 480, 482 (Minn.1985) (a spouse's cause of action is not precluded when the other spouse settles his or her personal injury claim). Both claims use the same liability, although they are separate claims with separate injuries. *Id.* at 482. Minnesota Mutual does not deny that the Beukhof claims for personal injury and loss of consortium are separate and distinct.[1] It does claim, however, that "bodily injury" as defined by the Minnesota Mutual policy, includes the loss of consortium claim.

Minnesota Mutual's policy provides:

"damages" sustained but not recovered from the third party obligor. Minn.Stat. § 65B.49, subd. 4a (1992). If such a claim has merit, the disadvantage for the Beukhofs in calculating the third party settlement may be offset by an increase in the total underinsurance claim.

With respect to damages caused by an accident with an "underinsured motor vehicle," the limit of liability for this coverage *shall be reduced by all sums paid because of the 'bodily injury'* by or on behalf of persons or organizations who may be legally responsible.

■ In construing a policy of insurance, the language of the policy

> must be construed according to the terms the parties have used, and the language used must be given its ordinary and usual meaning so as to give effect to the intention of the parties as it appears from the contract.

*Dairyland Ins. Co. v. Implement Dealers Ins. Co.*, 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972). Any ambiguities are to be strictly construed against the insurer. *Bobich v. Oja*, 258 Minn. 287, 295, 104 N.W.2d 19, 24 (1960). In construing an insurance contract, the policy must be considered as a whole. *Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 652 (Minn.1986).

The trial court framed the issue as "whether under these factual circumstances [Mrs. Beukhof's] 'bodily injury,' as defined by Minnesota Mutual policy, included the loss of consortium claim of [her] spouse." Like the trial court, we hold that it does.

This court has previously held in *Sicoli*, 464 N.W.2d at 300, that a loss of consortium does not constitute a "bodily injury" separate from the underlying personal injury claim. *Id.* at 302–03. In *Sicoli*, the plaintiff was injured in an automobile accident and the driver's liability coverage was not sufficient to compensate her for her injuries. *Id.* at 301. The Sicolis were insured under a policy issued by State Farm, providing bodily injury limits of $100,000 per person and a $300,000 per accident limit. The Sicolis sought underinsured motorist benefits for personal injury and loss of consortium claims. *Id.* The trial court awarded plaintiff $100,000 for personal injuries under the per person limit and awarded her husband $100,000 for his loss of consortium. *Id.* at 301–02. State Farm argued that the maximum liability to both

the plaintiff and her husband was $100,000. *Id.* at 302.

This court held that plaintiff's damages exhausted the $100,000 policy limit for damages due to "bodily injury" to one person. *Id.* at 303. The husband's loss of consortium claim was not a separate bodily injury and was therefore barred by the terms of the contract. *Id.* The court reasoned:

> We do not hold that [husband's] injury is not covered under the policy. We hold only that [husband's] claim for loss of consortium is not a separate bodily injury. [Husband's] damages were caused by [wife's] bodily injury.

*Id.*

■ Under Minnesota Mutual's policy, Mr. Beukhof's loss of consortium claim would be included as part of his wife's personal injury claim. This construction is consistent with the language in Minnesota Mutual's policy, which measures the offset for a third party recovery in terms of sums paid "because of" the bodily injury that occurred. Statutory coverage rules are harmonious, providing an offset for all "damages" recovered from the third party obligor. Minn.Stat. § 65B.49, subd. 4a ("maximum liability of an insurer is the amount of damages sustained but not recovered from the insurance policy of the driver or owner of any underinsured at fault vehicle").

Under *Sicoli*, for purposes of establishing policy limits, the husband's loss of consortium claim was not considered a separate injury, but part of the claim for damages due to his wife's bodily injury. 464 N.W.2d at 303. There is no legitimate basis to distinguish characterization of the loss of consortium claim for purposes of calculating the offset to an underinsured claim. Like the husband's claim in *Sicoli*, Mr. Beukhof's claim for loss of consortium is not a separate injury compensable for purposes of measuring the insurance recovered and the amount of underinsured benefits available.

In this case, the bodily injury claims include both appellant's personal injury claim

and her husband's loss of consortium claim. The trial court properly determined that appellant's underinsured motorist's claim be reduced by the total amount already paid by the tortfeasor's insurer.[2]

## DECISION

The trial court properly granted summary judgment in favor of Minnesota Mu-

tual and properly calculated the underinsured benefits payable to the insured.

**Affirmed.**

2. The trial court was concerned about appellant's allocation of settlement proceeds. This consideration is unnecessary to our decision. Nor have we considered alternative situations in which the underinsurer might have been induced to offer substitute payment following the notice required by *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn.1983).