OPAL CORPORATION,
et al., Respondents,

v.

AMERICAN FAMILY INSURANCE
GROUP, Appellant.

No. C0–94–90.

Court of Appeals of Minnesota.

June 28, 1994.

Louise A. Dovre, Rider, Bennett, Egan & Arundel, Minneapolis, and Nancy C. Coon, American Family Ins. Co., Eden Prairie, for appellant.

Thomas E. Emmer, Sandra L. Jones, Erstad & Riemer, P.A., Minneapolis, for respondents.

Considered and decided by PARKER, P.J., and PETERSON and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

The workers' compensation carrier brought a subrogation action against a negligent third party's automobile liability insurer pursuant to Minn.Stat. § 176.061 Subd. 7

(1992). Cross motions for summary judgment were filed. The automobile liability insurer appeals from the district court's grant of summary judgment entitling the workers' compensation carrier to recover as a separate claimant under an additional ("each occurrence") liability cap contained in the insurance policy. We reverse.

## FACTS

The facts of this case are not disputed. The case arises from a 1990 automobile accident involving Raymond Ulrich and Laura Larson. Larson suffered injuries in the accident while acting in the course and scope of her employment with respondent Opal Corp. ("Opal"). Opal paid workers' compensation benefits to Larson pursuant to Minn.Stat. §§ 176.01–176.86 (1992).

At the time of the accident, Ulrich carried automobile liability insurance issued by the appellant, American Family Insurance Group ("American Family"). The policy provides bodily injury liability coverage of $100,000 for "each person" and $300,000 for "each occurrence." Liability coverage is subject to the following limits:

(1) the bodily injury liability limit for "each person" is the maximum for all damages sustained by all persons as the result of bodily injury to one person in any one occurrence.

(2) subject to the bodily injury liability limit for "each person," the bodily injury liability limit for "each occurrence" is the maximum for bodily injury sustained by two or more persons in any one occurrence.

We will pay no more than these maximums no matter how many vehicles are described in the declarations, or insured persons, claims, claimants policies or vehicles are involved.

After the accident, Larson began an action against Ulrich for personal injury damages. Opal and its workers' compensation insurer, the Minnesota Assigned Risk Plan, through Berkley Administrators Inc. ("Berkley"), also began a third-party subrogation action against Ulrich pursuant to Minn.Stat. § 176.-061 Subd. 7 (1992). Larson entered into a *Naig* settlement with Ulrich and American Family, accepting $82,059.93 for her personal damages. *See Naig v. Bloomington Sanitation,* 258 N.W.2d 891 (Minn.1977). American Family tendered the $17,940.07 remaining from the $100,00 "each person" limit as settlement of Berkley's statutory subrogation claim under Minn.Stat. § 176.061 Subd. 7 (1992).

In accordance with *Miller v. Shugart,* 316 N.W.2d 729 (Minn.1982), the parties entered into a reverse *Naig* settlement, stipulating that liability for the subrogation claim exceeds $100,000. The parties agreed to reserve for determination by the court whether Berkley may recover its subrogation claim from a second "each person" aggregate coverage limit under the American Family policy. The trial court ruled that Berkley is not a "person" for purposes of the insurance policy and therefore not subject to the single liability cap. The court held that Berkley was entitled to recover a second full policy limit of $100,000 from American Family. American Family appeals from the trial court's grant of summary judgment.

## ISSUE

May a workers' compensation carrier recover from the liability insurer of a negligent third party as an additional claimant under a separate liability cap in the insurance policy to satisfy a subrogation claim pursuant to Minn.Stat. § 176.061 Subd. 7 (1992)?

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03; *Gaspord v. Washington County Planning Comm'n,* 312 Minn. 591, 252 N.W.2d 590, 590 (1977). No genuine issue of material fact exists in the present case, and the legal issue is whether American Family must satisfy Berkley's $100,000 statutory workers' compensation subrogation claim from the $300,-000 aggregate policy limit. Interpretation of insurance policy language is a question of law. *Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 886–87 (Minn.1978). A reviewing court is not bound by, and need not give

deference to, a trial court's determination of a purely legal question. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Respondent Berkley maintains that pursuant to Minn.Stat. § 176.061 Subd. 7 (1992), a workers' compensation insurer is a claimant with a separate cause of action against a third party to recover reimbursement for workers' compensation benefits incurred and paid as a result of the negligence of the third party. This statement is correct. *Travelers Ins. Co. v. Springer*, 289 N.W.2d 131, 133 (Minn.1979). Berkley, however, settled its claim with Ulrich, the negligent third party, and now requests indemnification by American Family, Ulrich's automobile liability insurer. American Family acknowledges Berkley's statutory subrogation claim, but contends that recovery is subject to coverage limitations within the insurance policy. Specifically, American Family asserts that since only one person suffered bodily injury, liability coverage for both the employee's personal injury claim and the workers' compensation insurer's subrogation claim is limited to a single $100,000 "each person" coverage maximum. The question to be resolved is whether Berkley's workers' compensation subrogation claim under Minn.Stat. § 176.061 Subd. 7 is limited by the liability caps imposed by American Family's insurance contract.

In *Bekis v. Schilling*, 357 N.W.2d 362, 364–65 (Minn.App.1984), this court held that a workers' compensation carrier is entitled to a separate liability cap for reimbursement from the State of Minnesota when the *state* is a negligent third party. In *Bekis*, however, the tort claims act limited the state's liability to $100,000 for "any claimant." *See* Minn.Stat. § 3.736 Subd. 4 (1982). Since the workers' compensation statute created a "separate and distinct" claim for the carrier, the court held that it is an additional claimant entitled to a separate liability limit. *Id.* at 365. In *Sicoli v. State Farm Mut. Auto. Ins. Co.*, 464 N.W.2d 300, 302–03 (Minn.App. 1990), this court held that although an injured wife's husband was a separate claimant, his claim for loss of consortium is not a separate bodily injury and therefore cover-

age is limited by the insurance policy's liability cap for injury to one person.

The common law claim in *Sicoli* is distinguishable from the present case, which involves a legislatively created claim under the workers' compensation statute. *Bekis* is also distinguishable since the liability limit in that case was imposed by the tort claims act rather than by a private insurance contract. The workers' compensation statute provides the employer with

> a separate additional cause of action against the third party to recover any amounts paid for medical treatment or for other compensation payable under this section resulting from the negligence of the third party.

Minn.Stat. § 176.061 Subd. 7. While a workers' compensation carrier may recover "any amounts" against a third-party tortfeasor, the amount of recovery from the third party's liability insurer is limited by the terms of coverage agreed upon in the insurance contract.

American Family agreed to provide bodily injury coverage of $100,000 for "each person" and $300,000 for "each occurrence." The insurance policy provides a coverage limitation which states:

> the bodily injury liability limit for "each person" is the maximum for all damages sustained by all persons as the result of bodily injury to one person in any one occurrence.

Because the term "person" is not defined in the insurance agreement, Berkley maintains that as a workers' compensation insurer it is not a "person" under the policy, but rather a separate claimant by virtue of Minn.Stat. § 176.061 Subd. 7 (1992). Berkley therefore asserts that it is not limited to the $100,000 liability cap, but rather entitled to reimbursement from the aggregate $300,000 "each occurrence" coverage.

Statutorily, "person" may include partnerships, associations, and corporations. Black's Law Dictionary 1142 (6th ed. 1990). When the term "person" is used in a private insurance contract it may not carry the same statutory significance and thus its intended meaning is less certain. When construing an

insurance contract, the policy must be considered as a whole, and any ambiguities strictly construed against the insurer. *Beukhof v. Minnesota Mut. Fire & Cas.*, 502 N.W.2d 223 (Minn.App.1993) *Pet. for rev. denied* (Minn. Aug. 6, 1993). The court will not, however, read ambiguity into the plain language of an insurance policy in order to create coverage where none otherwise exists. *Sicoli*, 464 N.W.2d at 302.

If Berkley is deemed a person under the insurance policy, its subrogation recovery is limited to the remaining portion of the $100,000 coverage maximum as provided by the "each person" limitation to coverage. On the other hand, if Berkley is not a person under the policy but rather a separate claimant, its claimed entitlement to a separate $100,000 liability cap also fails, based on the language of the policy.

First, if Berkley is not a "person," then there is no coverage under the "each person" provision since Berkley would not fall within that definition. Furthermore, Berkley's claim of entitlement to the aggregate $300,000 "each occurrence" coverage also fails based on the language of the policy. The limit to coverage for "each occurrence" provides:

> subject to the bodily injury liability limit for "each person," the bodily injury liability limit for "each occurrence" is the maximum for bodily injury sustained by two or more persons in any one occurrence.

Coverage for "each occurrence" is determined by the number of persons who sustain bodily injury. In the present case, bodily injury was not sustained by "two or more persons in any one occurrence." The maximum amount payable for each occurrence is thus limited to $100,000, the amount payable for bodily injury sustained by one person.

Berkley's assertion that its status as a separate claimant entitles it to an additional liability cap also fails under the third limitation catchall provision. The policy limit provides,

> We will pay no more than these maximums no matter how many vehicles are described in the declarations or insured persons, claims, claimants policies or vehicles are involved.

American Family contracted to pay no more than the maximum occurrence limits to all persons, claims, and claimants involved. The maximum occurrence limits are $100,000 for bodily injury to each person, or $300,000 if bodily injury was sustained by two or more persons in the same occurrence. The coverage limits are determined by the number of persons sustaining bodily injury "no matter how many * * * claims * * * are involved." Whether or not Berkley is a "person" according to the insurance policy, coverage under the policy is unambiguously precluded.

The language in American Family's insurance contract limits coverage for both the employee's claim and the workers' compensation carrier's claim to a single $100,000 cap because bodily injury was suffered by only one person.

## DECISION

The trial court improperly granted summary judgment to the workers' compensation carrier on its statutory subrogation claim.

**Reversed and remanded with directions to enter summary judgment for appellant American Family.**