ALLSTATE INSURANCE COMPANY,
a corporation, Plaintiff,

v.

Cindy HENDERSON as Trustee for the
Heirs and Next of Kin of Bonnie
Schmidt, deceased, Defendant.

No. 3–94–683.

United States District Court,
D. Minnesota,
Third Division.

July 10, 1995.

Morley, Morley & Light, Ltd. and Michael
J. Morley, Grand Forks, ND, for and on
behalf of plaintiff.

Maring Law Office, P.C. and Mary Muehling
Maring, Fargo, ND, for and on behalf of
defendant.

## MEMORANDUM AND ORDER

DAVIS, District Judge.

This matter came before the Honorable
Michael J. Davis, United States District
Court Judge on January 18, 1995 on cross
motions of the parties for summary judgment
("motion"). Plaintiff, Allstate Insurance
Company ("Allstate") has moved the Court
for a declaratory judgment that the claims of
defendant, Cindy Henderson ("Henderson")
for pecuniary loss and/or loss of consortium
("loss of consortium") do not fall within the
scope of the term "bodily injury" pursuant to
the Allstate insurance policy or Minnesota
law. Henderson has moved the Court to rule
that the loss of consortium claims do, in fact,
fall within the ambit of the "bodily injury"
language. Henderson has also moved the
Court for attorneys' fees pursuant to 28
U.S.C. section 1927. For the reasons set
forth below, the Court *denies* Allstate's motion
and *grants* Henderson's motion regarding
the loss of consortium issue. The Court
*denies* Henderson motion for attorneys' fees.

### I. *FACTS*

On July 9, 1991, Bonnie Schmidt was involved
in a fatal car accident while riding as
a passenger in a motor vehicle driven by
Donald Reber. The accident occurred in
Clay County, Minnesota when Mr. Reber
collided with an automobile driven by Scott
Rosenfeldt.

At the time of the accident, Donald Reber
was insured by Allstate Insurance Company
under Policy No. 011802207 ("Policy"). Bonnie
Schmidt is insured under the terms of the

policy. The Policy provides, in pertinent part:

### Underinsured Motorist Insurance— (Coverage SU)

We will pay damages because of bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured auto. Bodily injury must be caused by accident and arise out of the ownership, maintenance, or use of an underinsured auto.

.    .    .    .    .

### Insured Persons

1.  You and any resident relative.

2.  Any person while in, or, getting into or out of your insured auto with your permission.

3.  Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto with your permission.

The Policy also defines the term "bodily injury" as bodily injury, sickness, disease or death.

On November 12, 1991, Cindy Henderson, a daughter of Bonnie Schmidt, was appointed by order of the Court as Trustee for the heirs and next of kin of Bonnie Schmidt. As Trustee, Ms. Henderson entered into a settlement agreement and release with Scott Rosenfeldt and his insurer, American Family Insurance Company, and with Donald Reber and his insurer, Allstate Insurance Company, for liability coverage in the amount of Thirty-nine Thousand Dollars ($39,000). However, this release specifically reserved and excluded from the releases all claims of Cindy Henderson as the Trustee for the next of kin of Bonnie Schmidt for underinsured motorist coverage under the Policy.

Henderson then issued an arbitration demand against Allstate, seeking underinsured motorist benefits for pecuniary loss/loss of consortium benefits on or about November 4, 1993. Henderson and Allstate then entered into a stipulation for entry of judgment pending outcome of declaratory judgment action, dated June 20, 1994.

Allstate and Henderson have now brought this action seeking determination of whether Henderson is entitled to loss of consortium benefits pursuant to the Policy and Minnesota law. For the reasons set forth below, the Court finds that Henderson is entitled to recover such benefits.

## II. DISCUSSION

Summary judgment is appropriate if there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Unigroup, Inc. v. O'Rourke Storage & Transfer Co.*, 980 F.2d 1217, 1219–20 (8th Cir.1992). As the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555. The Court will grant summary judgment if, "viewing the evidence in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences to be drawn from that evidence, the movant is entitled to judgment as a matter of law." *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1324 (8th Cir.1991).

This case is particularly suitable for summary judgment. Both parties agree that no material facts are in dispute and the only legal question involves the interpretation and application of the terms of the provisions of the Policy. Interpreting contract language is generally a question of law, as applied to the facts presented. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 886–87 (Minn.1978).

### A.

Defendant cites the Minnesota No-Fault Automobile Insurance Act ("No-Fault Act"), section 65B.41 *et seq* in support of her claim for pecuniary damages. The No-Fault Act defines underinsured motorist coverage as "coverage for the protection of persons insured under that coverage who are legally entitled to recover damages for bodily injury from owners or operators of underinsured motor vehicles." Subdivision 11 of the No-Fault Act defines "injury" as bodily harm to a person and death resulting from such harm.

Allstate argues that "[I]t is well settled that pecuniary loss/loss of consortium claims do not constitute "bodily injury." " In support of this assertion, Allstate relies upon *Sicoli v. State Farm Mutual Auto Insurance Company,* 464 N.W.2d 300 (Minn.App.1990). In this case, the Sicolis sought to recover for automobile injuries based upon a policy which provided for bodily injury limits of $100,000 per person. *Id.* at 301. The trial court awarded plaintiff $100,000 for personal injuries under the per-person limit and awarded her husband $100,000 for his loss of consortium. *Id.* at 301–02. Defendant, State Farm, argued that plaintiff and her husband were only entitled to a maximum of $100,000 based upon the policy. *Id.* at 302.

The Minnesota Court of Appeals agreed. *Id.* at 303. The Court based its decision upon the fact that loss of consortium is not a bodily injury *separate* from the underlying personal injury claim. *Id.*

But the Court expressly declined to address whether the husband's loss of consortium injury was covered under the policy. *Id.* They simply held that the loss of consortium claim is not a separate bodily injury meriting an additional award of $100,000. *Id.* Because the wife's damages exhausted the policy's limit, further recovery was barred. *Id.*

In *Beukhof v. Minnesota Mutual Fire and Casualty Company,* 502 N.W.2d 223 (Minn. App.1993), *rev. denied,* August 6, 1993, however, the Minnesota Court of Appeals held that a bodily injury claim includes both a wife's personal injury claim as well as her husband's loss of consortium claim. Like the *Sicoli* Court, the *Beukhof* Court acknowledged that a spouse's claim for loss of consortium is not a separate injury compensable for purposes of measuring the insurance recovered and the amount of underinsured benefits available. *Id.* at 224. But the Court concluded that the term "bodily injury" under the terms of the insurance policy include both an appellant's personal injury claim and a spouse's loss of consortium claim. *Id.*

The Court in *Carlson v. Mutual Service Casualty Insurance Co.,* 527 N.W.2d 580 (Minn.App.1995), *rev. denied,* April 27, 1995, also held that a husband's loss of consortium claims are covered under an uninsured motorist policy. Following an automobile accident involving Shirley Carlson, the Carlsons sued their insurance carrier, Mutual Service Casualty Insurance Co. ("MSI"), for underinsurance benefits based upon the wife's bodily injuries and the husband's claim for loss of consortium. *Id.* Like the Allstate policy, the MSI policy defined the term "bodily injury" as "bodily injury to a person and sickness, disease or death which results from it." *Id.*

MSI argued that the husband's loss of consortium claim was not covered by the UIM policy because the policy grants coverage only for "bodily injury." *Id.* at 582. Because the husband did not sustain bodily injury in the automobile, MSI argued that it was not required to remit damages for loss of consortium. *Id.*

The Minnesota Court of Appeals disagreed. *Id.* The Court acknowledged that a loss of consortium claim is, in fact, derivative of bodily injury. *Id.* at 583. But they further stated that a spouse's claim has always been based upon a bodily injury, albeit to the other spouse. *Id.* Thus, the Court concluded that "in the absence of an explicit limitation or exclusion providing that a claim for loss of consortium is not covered, policy language providing coverage for damages "for bodily injury" or coverage "due to bodily injury" for one spouse also provides coverage for the loss of consortium claims for another." *Id.* Because the MSI policy failed to explicitly deny coverage for loss of consortium, the Court held that such damages are recoverable. *Id.* The aforementioned analysis demonstrates that recent Minnesota case law does *not* support Allstate's proposition that loss of consortium claims do not constitute bodily injury. Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, p. 5. In fact, recent Minnesota case law supports precisely the opposite position.

The Court finds that Allstate has failed to proffer any justification for its position that loss of consortium benefits do not fall within the ambit of bodily injury. The case law above supports the idea that loss of consor-

tium benefits are included within the term bodily injury. The Policy in this case is devoid of any language denying Henderson recovery of pecuniary or loss of consortium damages. *Carlson*, 527 N.W.2d at 583.

■ Additionally, Allstate's argument that Henderson cannot recover loss of consortium benefits because of Bonnie Schmidt's previous settlement also lacks merit. The prior settlement agreement explicitly reserved and excluded from the release all claims of Cindy Henderson as the trustee for the next of kin of Bonnie Schmidt for underinsured motorist coverage under the Policy. Accordingly, Allstate's motion is denied and Henderson's motion for recovery of loss of consortium benefits is granted.

### B.

■ As to the issue of attorneys' fees, 28 U.S.C. section 1927 permits the Court to award attorneys' fees against a party whose attorney unreasonably and vexatiously multiplies proceedings in any case. The Court does not agree with Henderson that Allstate instituted this action in an unreasonable or vexatious manner. Nor is there any evidence of abuse in the manner in which Allstate has conducted itself in this case. Accordingly, the Court denies Henderson's motion for attorneys' fees.

### ORDER

Based upon the foregoing analysis, it is hereby adjudged that:

1. Plaintiff, Allstate Insurance Company's Motion for Summary Judgment is *denied* in its entirety.

2. Defendant, Cindy Henderson's Motion for Summary Judgment regarding recoverability of underinsured benefits for its pecuniary/loss of consortium claims on behalf of Cindy Henderson is *granted.*

3. Defendant, Cindy Henderson's Motion for Summary Judgment regarding attorneys' fees, costs, or expenses pursuant to 28 U.S.C. section 1927 is *denied.*